IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - x
                              :
In re:                        :  Chapter 11
                              :
HAYES LEMMERZ INTERNATIONAL,  :  Case No. 09-11655 (MFW)
INC., et al.,                 :
                              :  Joint Administration Pending
            Debtors.          :
- - - - - - - - - - - - - - - x  Related to Docket No. 14

**INTERIM ORDER UNDER 11 U.S.C. §§ 105, 363, 364,
1107 AND 1108 AUTHORIZING BUT NOT DIRECTING (I)
PAYMENT OF PREPETITION CLAIMS OF ESSENTIAL U.S.
SUPPLIERS AND (II) FINANCIAL INSTITUTIONS TO HONOR
AND PROCESS RELATED CHECKS AND TRANSFERS**

("Interim U.S. Creditor Order")

Upon the motion (the "Motion")[1] of Hayes Lemmerz International, Inc. ("Hayes") and certain of its affiliates,[2]

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

[2] The following of Hayes' U.S. subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Hayes (2578) and have requested joint administration therewith: Hayes Lemmerz Finance LLC (7731), Hayes Lemmerz International Import, Inc. (1655), Hayes Lemmerz International - California, Inc. (2337), Hayes Lemmerz International - Commercial Highway, Inc. (7674), Hayes Lemmerz International - Georgia, Inc. (6122), Hayes Lemmerz International - Howell, Inc. (9246), Hayes Lemmerz International - Huntington, Inc. (0825), Hayes Lemmerz International - Kentucky, Inc. (8246), Hayes Lemmerz International - Laredo, Inc. (8656), Hayes Lemmerz International - New York, Inc. (9278), Hayes Lemmerz International - Sedalia, Inc. (7670), Hayes Lemmerz International - Technical Center, Inc. (7519), Hayes Lemmerz International - Wabash, Inc. (0301), HLI Brakes Holding Company, Inc. (2575), HLI Commercial Highway Holding Company, Inc. (2828), HLI Netherlands Holdings, Inc. (0015), HLI Operating Company, Inc. (7742), HLI Parent Company, Inc. (7832), HLI Powertrain Holding Company, Inc. (8269), HLI Realty, Inc. (1885), HLI Services Holding Company, Inc. (7840), HLI Suspension Holding Company, Inc. (0061), and HLI Wheels Holding Company, Inc. (7882) (collectively with Hayes, the "U.S. Debtors"). With the exception of Hayes Lemmerz Finance LLC - Luxembourg S.C.A. (Luxembourg: 0646; USA: 7731) (the "Non-U.S.

*(cont'd)*

debtors and debtors-in-possession (collectively with Hayes, the "Debtors"), seeking interim and final orders under 11 U.S.C. §§ 105, 363, 364, 1107 and 1108 authorizing but not directing (i) the Debtors to pay, in the ordinary course of business, the prepetition claims of certain Essential U.S. Suppliers and (ii) financial institutions to honor and process related checks and transfers; and the Court having reviewed the Motion and the First Day Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that notice of the Motion was sufficient and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are hereby authorized but not required to pay, in their discretion and in the ordinary course of business, as and when due, any claim held by an Essential U.S.

---

*(cont'd from previous page)*
Debtor"), none of the foreign affiliates or subsidiaries of Hayes are Debtors in these chapter 11 cases.

Supplier to the extent all such claims do not exceed, in the aggregate, $2.5 million. /*No payments made pursuant to this Order shall be made to entities that are "professional persons" under 11 U.S.C. § 327.*

3. All payments arising under or in connection with the Motion shall be subject to any interim and final DIP orders and/or related budgets and projections approved by this Court in these cases.

4. In return for payment of the Essential U.S. Suppliers Claims, the Essential U.S. Supplier Creditors are hereby required to continue to provide goods and services to the Debtors on Customary Trade Terms. The Customary Trade Terms shall apply for the remaining term of the Essential U.S. Supplier Creditor's relationship with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

5. Subject to the challenge rights described in this paragraph, if any Essential U.S. Supplier Creditor accepts payment on account of a prepetition obligation of the Debtors and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, absent objection as described below, any payments made shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash upon written request. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered. The foregoing does not preclude an Essential U.S. Supplier

Creditor from contesting whether it has failed to comply with the provisions of this Order by filing an objection with this Court within twenty (20) days of the date of the Debtors' initial written request for return of the payments, which hearing the Debtors shall set for the next regularly scheduled omnibus hearing date occurring more than twenty (20) days after the date of the filing of the objection. The Debtors are hereby authorized but not directed to obtain written verification, before issuing payment to a Essential U.S. Supplier Creditor, that such Essential U.S. Supplier Creditor will, if relevant, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Essential U.S. Supplier Creditor's relationship with the Debtors; provided, however, that the absence of such written verification will not limit the Debtors' rights hereunder.

6. All applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Interim Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Interim Order.

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption or adoption of any contract or agreement under 11 U.S.C. § 365.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

9. The Court determines that the requirements of Bankruptcy Rule 6003 are satisfied.

10. This Interim Order shall be effective and enforceable immediately upon entry hereof.

11. The Final Hearing to consider entry of an order granting the relief requested in this Motion on a final basis shall be held on June 10, 2009, at 2:00 pm (Eastern Time) (the "First Omnibus Hearing").

12. Any objection to the relief requested in the Motion on a permanent basis must (a) be filed in writing with the Court, at 3rd Floor, 824 North Market Street, Wilmington, DE 19801-3024, by 4:00 p.m. (Eastern Time) on the date that is 20 days after the entry of this Interim Order (the "Objection Deadline") and (b) served so as to be actually received by the following parties by the Objection Deadline: (i) the Debtors, at Hayes Lemmerz International, Inc., 15300 Centennial Drive,

5

Northville, Michigan 48168 (Attn: Patrick C. Cauley, Esq.), (ii) the U.S. Trustee, 844 King Street, J. Caleb Boggs Federal Building, Room 2207, Lockbox 35, Wilmington, Delaware 19801 (hand delivery or overnight) or 19899 (postal box) (Attn: Joseph J. McMahon, Jr., Esq.), (iii) proposed counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, LLP, 333 West Wacker Drive, Chicago, IL 60606 (Attn: J. Eric Ivester, Esq. and Stephen D. Williamson, Esq.), (iv) counsel to the Debtors' prepetition lenders, (v) counsel to the indenture trustee with respect to the Debtors' prepetition bonds, and (vi) the official committee of unsecured creditors appointed in these chapter 11 cases.

13. If any objections are received by the Objection Deadline, this matter shall be placed on the agenda of the First Omnibus Hearing.

14. If no objections are received by the Objection Deadline, the Debtors may present a final order with respect to this matter to the Court at the First Omnibus Hearing.

15. The provisions contained herein shall not be construed to limit, or in any way affect, the Debtors' ability to contest any claims on any ground that applicable law permits.

16. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

17. Service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

Dated:   Wilmington, DE
         May 13, 2009

                                        Honorable Mary F. Walrath
                                        UNITED STATES BANKRUPTCY JUDGE