**UNITED STATES BANKRUPTCY COURT**

|  |  |  |
|---|---|---|
| **In re** | ) | **Chapter 11 Case No.** |
|  | ) |  |
|  | ) |  |
| **Hayes Lemmerz International, Inc., et al.,** | ) | **09-11655** |
|  | ) |  |
| **Debtors.** | ) | **(Jointly Administered)** |
|  | ) |  |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**

**Hayes Lemmerz International-California, Inc.**

**Case No: 09-11660**

**BANKRUPTCY SCHEDULES:  GENERAL NOTES SECTION**

<u>**NOTES PERTAINING TO ALL DEBTORS**</u>

The Schedules of Assets and Liabilities (collectively, the "<u>Schedules</u>") and the Statements of Financial Affairs (collectively, the "<u>Statements</u>" and, together with the Schedules, the "<u>Schedules and Statements</u>") filed by Hayes Lemmerz International, Inc. ("<u>Hayes Lemmerz</u>") and its affiliated Debtors in these jointly administered chapter 11 cases (collectively, the "<u>Debtors</u>") in the United States Bankruptcy for the District of Delaware (the "<u>Bankruptcy Court</u>") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors with the assistance of their proposed court-appointed advisors and are unaudited.  Although management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist.  Because the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (the "<u>Global Notes</u>") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

Agreements Subject to Confidentiality. There may be instances within the Schedules and Statements where certain information has intentionally been altered or revised due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or third party and will provide interested parties with sufficient information to discern the nature of the listing.

Amendment. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary and appropriate.

Basis of Presentation. Hayes Lemmerz is a publicly-held corporation, the common shares of which traded prior to the filing of these chapter 11 cases on May 11, 2009 (the "Petition Date") on the NASDAQ Stock Exchange under the symbol "HAYZ."1 For financial reporting purposes, the Debtors, along with their consolidated subsidiaries which have not filed voluntary petitions for reorganization under the Bankruptcy Code, prepare consolidated financial statements that are filed with the Securities and Exchange Commission (the "SEC") and that are audited annually. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where indicated otherwise. In addition, not all of the direct and indirect subsidiaries of Hayes Lemmerz are Debtors in these chapter 11 cases. Accordingly, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information regarding Hayes Lemmerz and its subsidiaries that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements filed by the Debtors and their non-Debtor affiliates with the SEC.

Causes of Action. Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claim, causes of action or avoidance action or in any way prejudice or impair the assertion of such claims.

Claims Designations. Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated" by way of amending the Schedules.

Court Orders. By separate orders of the Bankruptcy Court entered on or about the Petition Date, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of customers, employees, essential suppliers, foreign vendors, lienholders, and taxing authorities. Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims have been or may be paid under this authority. To the extent possible, amounts are not listed on Schedules E and F if they have been paid post-petition pursuant to the first-day orders.

Net Book Value of Assets. Unless otherwise indicated, the Debtors' assets and liabilities are shown on the basis of their net book value as of April 30, 2009. As a result, amounts ultimately realized may vary from net book value and such variance may be material. Exceptions to this include operating cash, which is presented at bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries, are listed at undetermined amounts as the net book values may materially differ from fair market values. Attempts to obtain current market valuations of all assets would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets and, as a result, has not been attempted in connection with the preparation of the Schedules and Statements.

Dates. The information provided herein, except as otherwise noted, represents the asset data of the Debtor as of April 30, 2009 (the last month closed for accounting purposes immediately preceding the Petition Date) and liability data of Debtor as of the

---

1 Hayes Lemmerz's common shares currently trade on the over-the-counter market under the symbol "HAYZ".

2

Petition Date.

Excluded Assets and Liabilities.  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill, pension assets, deferred compensation, accrued salaries, employee benefit accruals, post-retirement benefits and deferred gains.  Other immaterial assets and liabilities may also have been excluded.

Fiscal Year.  Each Debtor's fiscal year ends on January 31, 2009.

Foreign Currency.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

Insiders. For purposes of these Schedules and Statements of Financial Affairs, insiders are defined as individuals who served as either Officers or Directors (consistent with the definition used for disclosure in the SEC reporting) of a Debtor in the 12 months immediately preceding the commencement of this case.

Intercompany Transactions.  Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions resulting in intercompany accounts payable and receivable.  The respective intercompany accounts payable and receivable as of the Petition Date have not been finalized.  Accordingly, intercompany account balances and intercompany disbursements are not listed in the Schedules and Statements of Financial Affairs. The Debtors may supplement the Schedules and Statements of Financial Affairs with the intercompany account balances at a later date.

Schedule D – Creditors Holding Secured Claims.  Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

Certain of Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements.  No attempt has been made to identify such agreements for purposes of Schedule D; nevertheless, the Debtors reserve their rights to argue than any agreement listed in Schedule G may be treated as secured financing agreements rather than executory contracts or unexpired leases.

Schedule E – Creditors Holding Unsecured Priority Claims.  The Bankruptcy Court entered certain first day orders granting authority to the Debtors to pay prepetition employee wages, salaries, benefits and other obligations for employees.  Pursuant to such orders, the Debtors believe that any employee claims for prepetition amounts either have been satisfied or are in the process of being satisfied.  Accordingly, employee claims for amounts owing as of May 11, 2009 that have been paid or that are intended to be paid, have not been included in the Schedules and Statements.

Schedule F – Creditors Holding Unsecured Nonpriority Claims.  Schedule F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts, however, are reflected on the books and records of each Debtor as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list the date each claim was incurred on Schedule F.  Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is not readily determinable.  However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor.

3

<u>Schedule G – Executory Contracts</u>.  The Debtors' businesses are complex.  Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusion may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein.  Also, Schedule G contains all of the Debtors contracts and agreements as of the Petition Date.  It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date.  The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

In some cases, the same supplier or provider appears multiple times in Schedule G.  This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors are party to numerous sales contracts and purchase orders with various suppliers and customers (collectively, the "<u>Customer PO's</u>"), including Ford Motor Company, General Motors Corporation, Toyota Tsusho Corporation, and other global original equipment manufacturers.  Open Customer PO's are treated as executory contracts solely for the purposes of Schedule G.  Individual open Customer PO's are not listed due to the high volume of such documents; rather, all open Customer PO's are consolidated into a single listing on Schedule G for the respective Debtor.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents are also not set forth in Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor agreement) related to a creditor's claim.  Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Finally, certain of the executory agreements may not have been memorialized and could be subject to dispute.

<u>Schedule H – Co-Debtors</u>.  Although reasonable efforts have been made to ensure the accuracy of Schedule H, inadvertent errors, omissions or over-inclusion may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity and accuracy of any Co-Debtor listed for any agreement that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein.  Also, Schedule H contains all of the Co-Debtors to contracts and agreements as of the Petition Date.  It is possible that some of the contracts or agreements to which the Co-Debtor is a party have expired or otherwise terminated pursuant to their terms since the Petition Date.

<u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

## UNITED STATES BANKRUPTCY COURT

In re: <u>Hayes Lemmerz International-California, Inc.</u>

Case No.        <u>09-11660</u>

Chapter        <u>11</u>

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 6 | $0 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 3 | | $476,649,432 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS (Total of claims on Schedule E) | YES | 3 | | Undetermined | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 3 | | $177,093,598 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 3 | | | |
| H - CODEBTORS | YES | 2 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| **Total number of sheets of all Schedules** | | 21 | | | |
| **Total Assets >** | | | $0 | | |
| **Total Liabilities >** | | | | $653,743,030 | |

1

**In re: <u>Hayes Lemmerz International-California, Inc.</u>**     **Case No.**     <u>09-11660</u>

## UNITED STATES BANKRUPTCY COURT

### SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

☑   Check this box if debtor has no real property to report on this Schedule A.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | CURRENT NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|
| | | |

**In re:  Hayes Lemmerz International-California, Inc.**      **Case Number:  09-11660**
                                  Debtor                                                  (if known)

## UNITED STATES BANKRUPTCY COURT

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1.  Cash on hand. | X | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books; pictures and other art objects; antiques; stamps, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9.  Interests in insurance policies. Name insurance company of policy and itemize surrender or refund value of each. | X | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | |

1

**In re:** <u>Hayes Lemmerz International-California, Inc.</u>　　　　**Case Number:** <u>09-11660</u>
　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

## UNITED STATES BANKRUPTCY COURT

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plants. | X | | |
| 13.  Stock and interests in incorporated and unincorporated business.  Itemize. | | See Attached Schedule Exhibit B-13 | Undetermined |
| 14.  Interests in partnerships or joint ventures.  Itemize. | X | | |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16.  Accounts receivable. | X | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | |
| 18.  Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | |
| 20.  Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |

2

**In re:  Hayes Lemmerz International-California, Inc.**                    **Case Number:  09-11660**

Debtor                                                                              (if known)

## UNITED STATES BANKRUPTCY COURT

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | |
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |

3

**In re:  Hayes Lemmerz International-California, Inc.**       **Case Number:  09-11660**

Debtor                                                                                              (if known)

## UNITED STATES BANKRUPTCY COURT

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26.  Boats, motors, and accessories. | X | | |
| 27.  Aircraft and accessories. | X | | |
| 28.  Office equipment, furnishings, and supplies. | X | | |
| 29.  Machinery, fixtures, equipments, and supplies used in business. | X | | |
| 30.  Inventory | X | | |
| 31.  Animals | X | | |
| 32. Crops - growing or harvested. Give particulars | X | | |
| 33.  Farming equipment and implements. | X | | |
| 34.  Farm supplies, chemicals, and feed. | X | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | |

4

## UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

### SPECIFIC NOTES REGARDING SCHEDULE B

**Schedule B-6 – Wearing apparel**

The Debtors have a small inventory of t-shirts, sweatshirts, baseball hats and other apparel (collectively, the "Hayes Lemmerz Apparel") bearing the Hayes Lemmerz logo or other Hayes Lemmerz related brand name logos.  The Hayes Lemmerz Apparel is used solely for promotional purposes and is not sold by Hayes Lemmerz or otherwise distributed for sale by others.  Because of the negligible value of the Hayes Lemmerz Apparel and the limited quantities maintained by the Debtors, the Debtors have not attempted to assess the value of the Hayes Lemmerz Apparel in connection with this question.

**Schedule B-9 – Interests in insurance policies**

All major insurance policies are financed through a third-party; and subsequently, any potential surrender value would not be an asset to the Debtor.  Any potential surrender value on self-funded policies would be de minimus.

**Schedule B-28 – Office Equipment**

Certain of the Debtor's office equipment, furnishings, and supplies are not capitalized in some situations. These assets are not listed herein.

**Schedule B-29 – Business Equipment**

Certain of the Debtor's machinery, fixtures, equipment, and supplies used in business are not capitalized in some situations. These assets are not listed herein.



**Hayes Lemmerz Inc. et al**
**Global Legal Entity Listings**

SCHEDULES B-13 B-14

| Company | Ownership Percentage | JV? | State of Inc. | Ch. 11 | Taxpayer ID | Address | City, State, Zip |
|---|---|---|---|---|---|---|---|
| Hayes Lemmerz International, Inc. | 100% | | DE | Yes | 32-0072578 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Parent Company, Inc. | 100% | | DE | Yes | 61-1447832 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Operating Company, Inc. | 100% | | DE | Yes | 30-0167742 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Finance LLC - Luxembourg S.C.A. | 99% | | Luxembourg | Yes | 98-0537731 | Centre Mercure, 5th Floor, 41 avenue de la Gare | 5eme Etage, L-1611, Luxembourg |
| Hayes Lemmerz Autokola, A.S. | 20% | | Czech Republic | | | Vratimovska 707 | 707 00 Ostrava-Kunice, Czech Republic |
| HLI Brakes Holding Company, Inc. | 100% | | DE | Yes | 32-0072575 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Powertrain Holding Company, Inc. | 100% | | DE | Yes | 30-0168269 | 15300 Centennial Drive | Northville, MI, 48168 |
| Industrias Fronterizas HLI, S.A. de C.V. | < 1% | | Mexico | | | Ave. General Manuel Avila Camacho, Manzana 3, Lote 8 y 9, Parque Industrial O.L. Longoria | Nuevo Lardo, Tamaulipas, Mexico C.P. 88 170 |
| Hayes Lemmerz International - Laredo, Inc. ** | 100% | | TX | Yes | 74-2418656 | 15300 Centennial Drive | Northville, MI, 48168 |
| Industrias Fronterizas HLI, S.A. de C.V. | 99% | | Mexico | | | Ave. General Manuel Avila Camacho, Manzana 3, Lote 8 y 9, Parque Industrial O.L. Longoria | Nuevo Lardo, Tamaulipas, Mexico C.P. 88 170 |
| Hayes Lemmerz International - Wabash, Inc. ** | 100% | | IN | Yes | 38-2170301 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Services Holding Company, Inc. | 100% | | DE | Yes | 61-1447840 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Technical Center, Inc. ** | 100% | | MI | Yes | 38-2257519 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Realty, Inc. | 100% | | MI | Yes | 38-2781885 | 1600 W. Eight Mile Road | Ferndale, MI 48220 |
| HLI Commercial Highway Holding Company, Inc. | 100% | | DE | Yes | 35-2202828 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Commercial Highway, Inc. ** | 100% | | DE | Yes | 77-0597674 | 428 Seiberling Street | Akron, OH 44306 |
| HLI Suspension Holding Company, Inc. | 100% | | MI | Yes | 38-1650061 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Wheels Holding Company, Inc. | 100% | | DE | Yes | 38-367882 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Sedalia, Inc. ** | 100% | | DE | Yes | 77-0597670 | 3610 W. Main St. | Sedalia, MO 65301 |
| Hayes Lemmerz International Import, Inc. ** | 100% | | DE | Yes | 38-3311655 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Georgia, Inc. ** | 100% | | DE | Yes | 58-2046122 | 215 Palmour Drive | Gainesville, GA 30501 |
| Hayes Lemmerz International - Huntington, Inc. | 100% | | DE | Yes | 62-1240825 | 1870 Riverfork Drive | Huntington, IN 46750 |
| Hayes Lemmerz International - Howell, Inc. | 100% | | MI | Yes | 38-1799246 | 2440 W. Michigan Road | Howell, MI 48843 |
| Hayes Lemmerz International - California, Inc. | 100% | | DE | Yes | 33-0042337 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Kentucky, Inc. | 100% | | DE | Yes | 61-1148246 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Japan, K.K. | 100% | | Japan | | | Crescendo Building 4F 2-3-4 | Shin Yokohama, Kohoku-ku, Yokohoma, 222-0033, Japan |
| Hayes Lemmerz Luxembourg Holdings S.a.r.l. | 100% | | Luxembourg | | | Centre Mercure, 5th Floor, 41 avenue de la Gare | 5eme Etage, L-1611, Luxembourg |
| Hayes Lemmerz Finance LLC | 100% | | DE | Yes | 98-0537731 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Finance LLC - Luxembourg S.C.A. | 1% | | Luxembourg | | | Centre Mercure, 5th Floor, 41 avenue de la Gare | 5eme Etage, L-1611, Luxembourg |
| HLI European Holdings ETVE, S.L. | 100% | | Spain | | | Les Planes 1A | 08970 Sant Joan Despi, Barcelona, Spain |
| Hayes Lemmerz Czech Holdings s.r.o. | 90% | | Czech Republic | | | Vratimovska 704 | 707 00 Ostrava-Kunice, Czech Republic |
| Hayes Lemmerz - Inci-Jant Sanayi, A.S. | 13.34% | x | Turkey | | | Organize Sanayi Bolgesi 4 Yol No.1 | Manisa, Turkey |
| Hayes Lemmerz Italy Holdings, S.r.l | 100% | | Italy | | | Via Roma, 200 | 25020 Dello (Brescia) Italy |
| Hayes Lemmerz Alumino S. de R. L. de C.V. | < 1% | | Mexico | | | Boulevard Juan Pablo II, KM 2.5 Col. Aeropuerto | 31390 Chihuahua, Chih Mexico |
| Hayes Lemmerz, S.r.l | 100% | | Italy | | | Via Roma, 200 | 25020 Dello (Brescia) Italy |
| Automotive Overseas Investments (Proprietary) Limited | 100% | | South Africa | | | 3 Botha Street | Alroda Gauteng 1451, South Africa |
| Hayes Lemmerz South Africa (Proprietary) Limited | 100% | | South Africa | | | 3 Botha Street | Alroda Gauteng 1451, South Africa |
| Borlem Aluminio S.A. | 99% | | Brazil | | | Rua Alexandre de Gusmao, 834, Parque Capuava | 09111-310, Santo Andre, Sao Paulo, Brazil |
| Siam Lemmerz Co., Ltd. | 70% | x | Thailand | | | 42 Moo 5 Nongplakradi Road, Tumbon Nongplamoh, Ampur Nongkhae | Saraburi 18140 Thailand |
| Hayes Lemmerz Alukola, s.r.o. | 100% | | Czech Republic | | | Vratimovska 704 | 707 00 Ostrava-Kunice, Czech Republic |
| Hayes Lemmerz Alumino S. de R. L. de C.V. | 99% | | Mexico | | | Boulevard Juan Pablo II, KM 2.5 Col. Aeropuerto | 31390 Chihuahua, Chih Mexico |
| Hayes Lemmerz Manresa, S.L. | 100% | | Spain | | | Carretera de Sant Joan de Vilatorrada s/n | 08240 Manresa, Spain |
| Hayes Lemmerz Barcelona, S.L. | 100% | | Spain | | | Les Planes 1-1A | 08970 Sant Joan Despi, Barcelona, Spain |
| Borlem Aluminio S.A. | < 1% | | Brazil | | | Rua Alexandre de Gusmao, 834, Parque Capuava | 09111-310, Santo Andre, Sao Paulo, Brazil |
| HLI European Holdings S.a.r.l. | 100% | | Luxembourg | | | Centre Mercure, 5th Floor, 41 avenue de la Gare | 5eme Etage, L-1611, Luxembourg |
| Hayes Lemmerz Fabricated Holdings B.V. | 100% | | Netherlands | | | Drentestraat 24 bg | 1083 HK Amsterdam, The Netherlands |
| Hayes Lemmerz Czech Holdings s.r.o. | 10% | | Czech Republic | | | Vratimovska 704 | 707 00 Ostrava-Kunice, Czech Republic |
| Hayes Lemmerz Holding GmbH | 100% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Hayes Lemmerz - Inci-Jant Sanayi, A.S. | 46.66% | x | Turkey | | | Organize Sanayi Bolgesi 4 Yol No.1 | Manisa, Turkey |
| Hayes Lemmerz Jantas Jant Sanayi ve Ticaret A.S. | 60% | x | Turkey | | | Organize Sanayi Bolgesi | Manisa, Turkey |
| Borlem S.A. Empreendimentos Industrials | 95.40% | x | Brazil | | | Rua Barao do Rio Branco, 75, Itapegica | 070420-010, Guarulhos, Sao Paulo, Brazil |
| Remon - Resende Montadora Ltda. | 33.33% | x | Brazil | | | Rua Eng Alan da Costa Batista, 100 | 29501-970 Resende, Rio de Janeiro, Brazil |
| Hayes Lemmerz Werke GmbH | 100% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Hayes Lemmerz Konigswinter GmbH | 100% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Kalyani Hayes Lemmerz Limited | 85% | x | India | | | Gat-No. 635, Kuruli Village, Chakan Taluka: Khed, District | Pune - 410 501, India |
| Hayes Lemmerz Immobilien GmbH & Co. KG Partn | 94.90% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Hayes Lemmerz Autokola, A.S. | 80% | | Czech Republic | | | Vratimovska 707 | 707 00 Ostrava-Kunice, Czech Republic |
| Hayes Lemmerz Germany Holdings GmbH | 100% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| HLI Netherlands Holdings, Inc. | 100% | | DE | Yes | 38-3640015 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Immobilien GmbH & Co. KG Partn | 5.10% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Hayes Lemmerz International - New York, Inc. | 100% | | NY | Yes | 80-0369278 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Funding I, LLC | 100% | | DE | | | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Funding II, Inc. | 100% | | DE | | | 15300 Centennial Drive | Northville, MI, 48168 |

** Entity has an interest in Hayes Funding I, LLC and Hayes Funding II, Inc. in proportion to receivables in the pool.

6/9/2009

# UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

### SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust and other security interests.  List creditors in alphabetical order to the extent practicable.  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than on of these three columns.)  Report the total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C | U | D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY | NOTES |
|---|---|---|---|---|---|---|---|---|
| See Exhibit D-1 immediately following Schedule D | | Secured Debt | ✔ | ✔ | | 476,649,432 | $0 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

2   continuation sheets attached   **Total**   **$476,649,432**   **$0**

# UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

## SPECIFIC NOTES REGARDING SCHEDULE D

**Creditors Holding Secured Claims**

Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  If a Debtor is a guarantor with respect to a scheduled claim of another Debtor, the claim will be labeled "Contingent."  The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements.  No attempt has been made to identify such agreements for purposes of Schedule D.  However, the Debtors reserve all of their rights to amend Schedule D in the future to the extent the Debtors determine that any claims associated with such agreements are property reported on Schedule D.  The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed in Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including to argue that an agreement listed in Schedule G may be treated as a secured financing agreement, rather than an executory contract or unexpired lease.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Some of the Debtors' creditors may have filed mechanic or materialman's liens following the commencement of the Debtors' chapter 11 cases.  Some liens may, by virtue of section 546(b) of the Bankruptcy Code and applicable law, relate back to the period prior to the Petition Date.  Any such liens that have been filed after the petition date are not listed on Schedule D.

To the extent that any landlords, real property and personal property lessors, utility companies, or other creditors hold a security deposit from any of the Debtors and to the extent that such deposits constitute secured claims, such deposits are not listed on Schedule D, except as specifically stated herein.

## UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

**Exhibit:  D-1**

**Secured Debt**

| Name | Address | City, State & Zip | Description | C | U | D | Claim Amount | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|
| Citicorp North America Inc. as agent | 390 Greenwich Street, 1st Floor | New York, NY 10013 | Guarantor for Secured Synthetic LC | ✔ | ✔ | ☐ | $15,764,792 | Undetermined |
| Citicorp North America Inc. as agent | 390 Greenwich Street, 1st Floor | New York, NY 10013 | Guarantor for Secured Revolver | ✔ | ✔ | ☐ | $125,000,000 | Undetermined |
| Citicorp North America Inc. as agent | 390 Greenwich Street, 1st Floor | New York, NY 10013 | Guarantor for Secured Term Loan | ✔ | ✔ | ☐ | $335,884,640 | Undetermined |
| | | | | | | | **$476,649,432** | **Undetermined** |

1

**UNITED STATES BANKRUPTCY COURT**

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, or wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐    Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. Section 507(a)(2).

☐    Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(3).

☐    Contribution to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(4).

☐    Certain farmers and fisherman

Claims of certain farmers and fisherman, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Section 507(a)(5).

☐    Deposits by individuals

Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. Section 507(a)(6).

☐    Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony,  maintenance, or support, to the extent provided in 11 U.S.C. Section 507(a)(7).

☑    Taxes and Certain Other Debts Owed to Government Units

Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Section 507(a)(8).

☐    Commitments to Maintain the capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. Section 507(a)(9).

☐    Administrative Expense Claims

Claims for the value of any goods received by the debtor within 20 days before the Petition Date in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

2  continuation sheets attached

## UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

### SPECIFIC NOTES REGARDING SCHEDULE E

**Creditors Holding Unsecured Priority Claims**

The debtors do not believe it has any outstanding priority employee obligations as of the filing date due to the payment for payroll up through May 15, 2009, including contributions to employee benefit plans.

# UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number: 09-11660**

**Exhibit E-1**
**Tax Creditor's Holding Unsecured Priority Claims.**

| Name | Address | City, State & Zip | C | U | D | Total Claim |
|------|---------|------------------|---|---|---|-------------|
| DELAWARE SECRETARY OF STATE | DIVISION OF CORPORATIONS, 401 FEDERAL ST, STE. 4 | DOVER, DE 19901-3639 | ☐ | ☑ | ☐ | Undetermined |
| STATE OF MICHIGAN | MI DEPT. OF LABOR & ECONOMIC GROWTH BUREAU OF COMM SERV. CORP. DIV.,  P.O. BOX 30702 | LANSING, MI 48909 | ☐ | ☑ | ☐ | Undetermined |

1

# UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the filing of the petition.  Do not include claims listed in Schedule D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

 If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

 If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐    Check this box if debtor has no unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIMS |
|---|---|---|---|---|
| See Exhibit F-1 immediately following Schedule F | | Unsecured Bond Debt | ☑ ☑ ☐ | $177,093,598 |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |

2   total continuation sheets attached          **Total**          **$177,093,598**

# UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

## SPECIFIC NOTES REGARDING SCHEDULE F

**Creditors Holding Unsecured Nonpriority Claims**

The Debtors have used reasonable best efforts to list all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records.

Schedule F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although commercially reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

Schedule F contains information regarding potential and pending litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined.  To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.  In addition, Schedule F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtor has not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule F.  Such guaranties are, instead, listed on Schedule G.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors.  The Debtors reserve all of their rights in respect of such credits or allowances.  The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtor were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

## UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

**Exhibit  F-1**
**Unsecured Bond Debt**

| Creditor Name | Address | City, State & Zip | C | U | D | Total Claim |
|---|---|---|---|---|---|---|
| US BANK, AS INDENTURED TRUSTEE FOR 8.25% SENIOR NOTES (GUARANTEE) | 800 NICOLLET MALL | MINNEAPOLIS, MN  55402 | ✔ | ✔ | ☐ | $177,093,598 |
| | | | | | | $177,093,598 |

**In re: <u>Hayes Lemmerz International-California, Inc.</u>**     **Case No.**    <u>**09-11660**</u>

## UNITED STATES BANKRUPTCY COURT

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.d., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑   Check this box if debtor has no executory contracts and/or unexpired leases to report on this Schedule G.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

<u>2</u>    total continuation sheets attached

# UNITED STATES BANKRUPTCY COURT

**<u>Hayes Lemmerz International-California, Inc.</u>**

**Case Number:  09-11660**

## SPECIFIC NOTES REGARDING SCHEDULE G

**<u>Executory Contracts</u>**

The Debtors' business is complex.  While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G.  To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category.  In those instances, one category has been chosen to avoid duplication.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the Debtors' executory contracts are purchase and sale agreements.  In those instances, the executory contracts generally are listed in either the "sale agreements" or "purchase agreements" category, not both.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.  Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary.  Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to a creditor's claim.  Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, the specific Debtor obligor to certain of the executory could not be specifically ascertained in every circumstance.  In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis.  To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.  In those instances, the entity listed as the party to the executory contract or unexpired lease is the former party to same.

Due to the volume of the Debtors' executory contracts and unexpired leases, certain of the executory contracts and unexpired leases may be listed under the wrong Debtor and/or in the wrong agreement category.

# UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number:  09-11660**

## SPECIFIC NOTES REGARDING SCHEDULE G

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid.  The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors.  Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers.  In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

Except in certain limited circumstances, the Debtor has not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule F.  Such guaranties are, instead, listed on Schedule G.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Due to the volume of the Debtors' executory contracts and unexpired leases, the Debtors are still in the process of collecting the addresses of all counterparties to such executory contracts and unexpired leases.  These addresses will be compiled prior to sending notice of the bar date for the filing of proofs of claim in these chapter 11 cases.

**In re: <u>Hayes Lemmerz International-California, Inc.</u>**                    **Case No.** _____**09-11660**_____

# UNITED STATES BANKRUPTCY COURT

### SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than in a joint case, that is also liable on any debts listed by debtor in the schedule of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child isIn community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).


☐    Check this box if debtor has no codebtor

| **NAME AND ADDRESS OF CODEBTOR** | **DESCRIPTION** |
|---|---|
| HAYES LEMMERZ FINANCE LLC - LUXEMBOURG S.C.A. 15300 CENTENNIAL DRIVE, NORTHVILLE, MI 48168 | GUARANTOR (SENIOR NOTES) |
| HAYES LEMMERZ FINANCE LLC - LUXEMBOURG S.C.A. 15300 CENTENNIAL DRIVE, NORTHVILLE, MI 48168 | GUARANTOR (TERM LOAN) |
| HLI OPERATING COMPANY, INC. 15300 CENTENNIAL DRIVE, NORTHVILLE, MI 48168 | GUARANTOR (REVOLVING LOAN DEBT AND SYNTHETIC LC) |

1

# UNITED STATES BANKRUPTCY COURT

**Hayes Lemmerz International-California, Inc.**

**Case Number: 09-11660**

## SPECIFIC NOTES REGARDING SCHEDULE H

### Co-Debtors

In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. In addition, in the ordinary course of their business, certain of the Debtors have guaranteed certain obligations and liabilities. However, the transactions and guarantees between the Debtors and their subsidiaries are too voluminous to list separately but, in some instances, are reflected elsewhere in the Schedules and Statements. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Due to the volume of such claims and because all such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

**In re:** <u>Hayes Lemmerz International-California, Inc.</u>                    **Case Number:** <u>09-11660</u>

Debtor                                                                                                      (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

**Date:**   06/09/09                                                         **Signature:**  _Mark A Brebber_
                                                                                                                  Debtor

**Date:**   _____                                   **Signature:**  _____
                                                                                                        Joint Debtor, if any

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    _____
Printed or Typed Name and title, if any,                    Social Security No.
of Bankruptcy Petition Preparer                                (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

_____
Address

x_____                    _____
Signature of Bankruptcy Petition Preparer                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date:_____                    Signature: _____

                                                            _____
                                                            [Print or type name of individual signing on behalf of debtor.]

*Penalty for making a false statement: Fine of up to $500,000, or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571.*

**UNITED STATES BANKRUPTCY COURT**

|  |  |  |
|---|---|---|
| **In re** | ) ) ) | **Chapter 11 Case No.** |
| **Hayes Lemmerz International, Inc., et al.,** | ) ) ) | **09-11655** |
| **Debtors.** | ) ) | **(Jointly Administered)** |

**STATEMENT OF FINANCIAL AFFAIRS FOR**

**Hayes Lemmerz International-California, Inc.**

**Case No: 09-11660**

**BANKRUPTCY SCHEDULES:  GENERAL NOTES SECTION**

<u>**NOTES PERTAINING TO ALL DEBTORS**</u>

The Schedules of Assets and Liabilities (collectively, the "<u>Schedules</u>") and the Statements of Financial Affairs (collectively, the "<u>Statements</u>" and, together with the Schedules, the "<u>Schedules and Statements</u>") filed by Hayes Lemmerz International, Inc. ("<u>Hayes Lemmerz</u>") and its affiliated Debtors in these jointly administered chapter 11 cases (collectively, the "<u>Debtors</u>") in the United States Bankruptcy for the District of Delaware (the "<u>Bankruptcy Court</u>") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors with the assistance of their proposed court-appointed advisors and are unaudited.  Although management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist.  Because the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (the "<u>Global Notes</u>") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

Agreements Subject to Confidentiality. There may be instances within the Schedules and Statements where certain information has intentionally been altered or revised due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or third party and will provide interested parties with sufficient information to discern the nature of the listing.

Amendment. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary and appropriate.

Basis of Presentation. Hayes Lemmerz is a publicly-held corporation, the common shares of which traded prior to the filing of these chapter 11 cases on May 11, 2009 (the "Petition Date") on the NASDAQ Stock Exchange under the symbol "HAYZ."[1] For financial reporting purposes, the Debtors, along with their consolidated subsidiaries which have not filed voluntary petitions for reorganization under the Bankruptcy Code, prepare consolidated financial statements that are filed with the Securities and Exchange Commission (the "SEC") and that are audited annually. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where indicated otherwise. In addition, not all of the direct and indirect subsidiaries of Hayes Lemmerz are Debtors in these chapter 11 cases. Accordingly, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information regarding Hayes Lemmerz and its subsidiaries that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements filed by the Debtors and their non-Debtor affiliates with the SEC.

Causes of Action. Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claim, causes of action or avoidance action or in any way prejudice or impair the assertion of such claims.

Claims Designations. Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated" by way of amending the Schedules.

Court Orders. By separate orders of the Bankruptcy Court entered on or about the Petition Date, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of customers, employees, essential suppliers, foreign vendors, lienholders, and taxing authorities. Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims have been or may be paid under this authority. To the extent possible, amounts are not listed on Schedules E and F if they have been paid post-petition pursuant to the first-day orders.

Net Book Value of Assets. Unless otherwise indicated, the Debtors' assets and liabilities are shown on the basis of their net book value as of April 30, 2009. As a result, amounts ultimately realized may vary from net book value and such variance may be material. Exceptions to this include operating cash, which is presented at bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries, are listed at undetermined amounts as the net book values may materially differ from fair market values. Attempts to obtain current market valuations of all assets would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets and, as a result, has not been attempted in connection with the preparation of the Schedules and Statements.

Dates. The information provided herein, except as otherwise noted, represents the asset data of the Debtor as of April 30, 2009 (the last month closed for accounting purposes immediately preceding the Petition Date) and liability data of Debtor as of the

---

[1] Hayes Lemmerz's common shares currently trade on the over-the-counter market under the symbol "HAYZ".

2

Petition Date.

Excluded Assets and Liabilities.  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill, pension assets, deferred compensation, accrued salaries, employee benefit accruals, post-retirement benefits and deferred gains.  Other immaterial assets and liabilities may also have been excluded.

Fiscal Year.  Each Debtor's fiscal year ends on January 31, 2009.

Foreign Currency.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

Insiders.  For purposes of these Schedules and Statements of Financial Affairs, insiders are defined as individuals who served as either Officers or Directors (consistent with the definition used for disclosure in the SEC reporting) of a Debtor in the 12 months immediately preceding the commencement of this case.

Intercompany Transactions.  Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions resulting in intercompany accounts payable and receivable.  The respective intercompany accounts payable and receivable as of the Petition Date have not been finalized.  Accordingly, intercompany account balances and intercompany disbursements are not listed in the Schedules and Statements of Financial Affairs. The Debtors may supplement the Schedules and Statements of Financial Affairs with the intercompany account balances at a later date.

Schedule D – Creditors Holding Secured Claims.  Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

Certain of Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements.  No attempt has been made to identify such agreements for purposes of Schedule D; nevertheless, the Debtors reserve their rights to argue than any agreement listed in Schedule G may be treated as secured financing agreements rather than executory contracts or unexpired leases.

Schedule E – Creditors Holding Unsecured Priority Claims.  The Bankruptcy Court entered certain first day orders granting authority to the Debtors to pay prepetition employee wages, salaries, benefits and other obligations for employees.  Pursuant to such orders, the Debtors believe that any employee claims for prepetition amounts either have been satisfied or are in the process of being satisfied.  Accordingly, employee claims for amounts owing as of May 11, 2009 that have been paid or that are intended to be paid, have not been included in the Schedules and Statements.

Schedule F – Creditors Holding Unsecured Nonpriority Claims.  Schedule F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts, however, are reflected on the books and records of each Debtor as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list the date each claim was incurred on Schedule F.  Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is not readily determinable.  However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor.

3

<u>Schedule G – Executory Contracts</u>.  The Debtors' businesses are complex.  Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusion may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein.  Also, Schedule G contains all of the Debtors contracts and agreements as of the Petition Date.  It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date.  The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

In some cases, the same supplier or provider appears multiple times in Schedule G.  This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors are party to numerous sales contracts and purchase orders with various suppliers and customers (collectively, the "<u>Customer PO's</u>"), including Ford Motor Company, General Motors Corporation, Toyota Tsusho Corporation, and other global original equipment manufacturers.  Open Customer PO's are treated as executory contracts solely for the purposes of Schedule G.  Individual open Customer PO's are not listed due to the high volume of such documents; rather, all open Customer PO's are consolidated into a single listing on Schedule G for the respective Debtor.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents are also not set forth in Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor agreement) related to a creditor's claim.  Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Finally, certain of the executory agreements may not have been memorialized and could be subject to dispute.

<u>Schedule H – Co-Debtors</u>.  Although reasonable efforts have been made to ensure the accuracy of Schedule H, inadvertent errors, omissions or over-inclusion may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity and accuracy of any Co-Debtor listed for any agreement that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein.  Also, Schedule H contains all of the Co-Debtors to contracts and agreements as of the Petition Date.  It is possible that some of the contracts or agreements to which the Co-Debtor is a party have expired or otherwise terminated pursuant to their terms since the Petition Date.

<u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

4

# STATEMENT OF FINANCIAL AFFAIRS

# UNITED STATES BANKRUPTCY COURT

|  |  |  |  |
|---|---|---|---|
| | | | **Chapter 11** |
| **In re:**  **Hayes Lemmerz International-California, Inc.** | | **Case Number:** | **09-11660** |
| Debtor. | | | |

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a statement on which the informaiton for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, mangaging executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor.  11 U.S.C. § 101.

---

### 1.  Income from employment or operation of business

None
☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of debtor's businessbusiness, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

---

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two year** immediately preceding the commencement of this case.  Give particular If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

1

**3. Payments to Creditors**

*Complete a. or b., as appropriate, and c.*

None
☑

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b.*Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☐

c.*All debtors:* List all payments made within **one year** immediately preceeding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See attachment 3c of  the Statement of Financial Affairs**

None
☑

**4.  Suits, executions, garnishments, and attachments**

a.  List all suits and administrative proceedings to which the debtor is or was a party within  **one year**  immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b.  Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5.  Repossessions, foreclosures, and returns**

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within  **one year** immediately preceding the commencement of this case (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

> **In connection with the manufacturing and production of wheels and powertrain components for original equipment manufacturers, the Debtors receive goods, materials, and work in process (collectively, the "Materials") from multiple suppliers and processers.  In the ordinary course of their dealings with these suppliers and processors, the Debtors periodically receive damaged and non-conforming Materials, which the Debtors return in exchange for credits or other consideration. Because of the sheer volume of such returns, the Debtors have not listed the value or frequency of such returns, nor the resulting credits or consideration.**

2

**6. Assignments and receiverships**

None ☑   a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑   b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☐   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

> **While every reasonable effort has been made to ensure that the gifts listed in response to Question 7 include all gifts made, given the magnitude of the Debtor's operations, certain gifts may have inadvertently been omitted from the Schedules and Statements.**

**8. Losses**

None ☑   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 o chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☑   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

**10. Other transfers**

None ☐   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

> **Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions resulting in intercompany accounts payable and receivable.  The respective intercompany accounts payable and receivable as of the Petition Date have not been finalized. Accordingly, intercompany account balances and intercompany disbursements are not listed in the Schedules and Statements of Financial Affairs. The Debtors may supplement the Schedules and Statements of Financial Affairs with the intercompany account balances at a later date.**

None ☑   b. List all property transferred by the debtor within **two years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None
☐

List all setoffs made by any creditor, including a bank, against debts or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**In the ordinary course of business, there are instances where the Debtor is both the customer and the vendor.  This situation commonly occurs in relation to the steel re-sale programs with General Motors and Ford.  In such instances, the Debtors often offset the amounts owed to them from the amount the Debtors owe.**

**Furthermore, the debtors routinely enter into setoff arrangements with debtor and non-debtor affiliates.  The respective intercompany accounts payable and accounts receivable as of the Petition Date are listed at the net amount due to/due from the debtor as of the petition date.  Due to the volume of transactions, the detailed setoffs will not be listed herein.**

**14. Property held for another person**

None
☐

List all property owned by another person that the debtor holds or controls.

**See attachment 14 of  the Statement of Financial Affairs**

**15. Prior address of debtor**

None
☑

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

None
☑

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within **eight-years** immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

4

**17. Environmental Information**

For the purposes of this questions, the following definitions apply:

"Environmental Law" means any federal, state, of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☐
a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

**See attachment 17a of the Statement of Financial Affairs**

None ☑
b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑
c.  List all judicial or administrative proceedings, including settlements or order, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18.  Nature, location, and names of business**

None ☐
*a.  If the debtor is an individual,*   list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six-years**  immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting of equity securities within the **six-years**  immediately preceding the commencement of this case

*b.  If the debtor is a partnership,*   list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

*b.  If the debtor is a corporation,*   list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years**  immediately preceding the commencement of this case.

**See attachment 18a of the Statement of Financial Affairs**

None ☑
b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six-years**  immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sold proprietor or otherwise self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only**  if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐

a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**See attachment 19a of the Statement of Financial Affairs**

None ☐

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**NAME AND ADDRESS**

**KPMG - Detroit; 150 W. Jefferson Ave. #1200; Detroit, MI 48226**

None ☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

**See attachment 19c of the Statement of Financial Affairs**

None ☐

d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

**Pursuant to the requirements of the Securities Exchange Act of 1934, the Debtor has prepared and filed with the Securities Exchange Commission ("the SEC") Form 8-K Special Reports, Form 10-Q Quarterly Reports, and Form 10-K Annual Reports (collectively, the "SEC Filings"). The SEC Filings contain consolidated financial information relating to the Debtor and its parent companies. Because the SEC Filings are of public record, the Debtor does not maintain records of the parties who requested or obtained copies of any SEC Filings from the SEC or the Debtor.**

**In additional, the Debtor has provided confidential information to various companies that were performing due diligence in anticipation of financing related to the restructuring of Debtor. Due to the nature of certain confidentiality agreements, the names of those firms are not listed herein.**

**20. Inventories**

None ☑

a. List the dates of the last two inventories taken of the debtor's property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**21.  Current Partners, Officers, Directors and Shareholders**

None
☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None
☐

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting or equity securities of the corporation.

**See attachment 21b of the Statement of Financial Affairs**

**22.  Former partners, officers, directors, and shareholders.**

None
☑

a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None
☐

b.  If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within **one year** immediately preceding the commencement of this case.

**See attachment 22b of  the Statement of Financial Affairs**

**23.  Withdrawals from a partnership or distributions by a corporation**

None
☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**Please refer to SOFA 3c**

**24.  Tax Consolidation Group**

None
☐

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-years**   immediately preceding the commencement of this case.

**See attachment 24 of  the Statement of Financial Affairs**

**25.  Pension Funds**

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within  **six-years** immediately preceding the commencement of this case.

7

**Hayes Lemmerz International-California, Inc.**
**Case Number:  09-11660**

**Attachment 3c**

**3c. Payments made to insiders within the period of May 11, 2008 through May 11, 2009**

| Name | Wages | Bonus | Expenses | Pension | Director's Fees | 401k Match | Deferred Comp. | Flex Perks | Other | Total |
|------|-------|-------|----------|---------|-----------------|------------|----------------|------------|-------|-------|
| FRED BENTLEY | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| JOHN A. SALVETTE | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| MARK A. BREBBERMAN | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| PATRICK C. CAULEY | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| OTHER OFFICERS | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **TOTAL PAYMENTS** | **$0** | **$0** | **$0** | **$0** | **$0** | **$0** | **$0** | **$0** | **$0** | **$0** |

**Specific Notes:**

-Payments to all insiders are made by Hayes Lemmerz Operating Company, Inc. (Case Number 09-11675).  For all other debtors, please refer to SOFA 3c for Hayes Lemmerz Operating Company, Inc.

-The response to this Item 3c identifies on an individual basis all payments within the year preceding the commencement of the Debtor's case to Debtor's directors and to all named executive officers for whom compensation was reported in Debtor's filing with the Securities and Exchange Commission (the "SEC") pursuant to SEC Regulation S-K, Item 402.

-Payments to all other board-appointed officers and related parties (a total of 4 persons listed collectively as "Other Officers") within the year preceding the commencement of the Debtor's case are disclosed on an aggregate basis.  "Other Officers" are comprised of the Debtor's Treasurer, Director of Tax, Assistant General Counsel, and Senior Counsel.  The total amounts paid to such persons did not exceed $350,000 each.

-The disclosure of these amounts in response to this item 3c is not an acknowledgment by the Debtor that any person is an "officer" or "insider" of the Debtor as those terms are used in the Bankruptcy Code, and the Debtor expressly reserves its rights with respect thereto.

-Amounts hereon exclude intercompany transactions during the period.  Please refer to the global notes and SOFA 10 footnote.

**Hayes Lemmerz International-California, Inc.**                                    **Attachment 14**
**Case Number:  09-11660**

## 14. Property Held For Another Person

**Specific Notes:**

In connection with the assembly and production of modules, systems and components for original equipment manufacturers, the Debtors receive goods, materials and work in process (collectively, the "Materials") from thousands of suppliers and processors on a consignment basis. In such instances, the Debtors provide additional processing of the Materials, but do not own such Materials. Because of the volume of the consigned Materials, the Debtors' have not listed the individual consigned Materials nor their value.

In addition, in connection with the assembly and production of modules, systems and components for original equipment manufacturers, the Debtors may purchase, finance or construct certain tooling (the "Customer Tooling") at the direction of a customer and for which the customer has agreed to reimburse the Debtors. The Debtors may have had an ownership interest in certain "Customer Tooling" as of the Petition Date. Sometimes ownership of Customer Tooling passes from the tooling supplier or toolmaker to the applicable Debtor and then immediately to the Debtor's customer. In other cases, ownership of the Customer Tooling resides at the Debtor for a period of time and transfers to the Debtor's customer at a later date, such as upon reimbursement. Prior to transfer of ownership to the customer, the Customer Tooling represents an asset of the applicable Debtor's estate. Such interests as of April 30, 2009, if any, are listed on included in the accounts receivable numbers reported in Debtor's Schedule B-16. Upon transfer of ownership to the customer, the Customer Tooling is no longer an asset of the Debtors' and its value is no longer maintained in the Debtors' books and records.

**Hayes Lemmerz International-California, Inc.**
**Case Number:  09-11660**

**Attachment 17a**

### 17a. Environmental Information - Debtor has received notice from a Governmental Agency

| Category | Environmental Matter Name | Site Location | Regulatory Authority |
|---|---|---|---|
| REMEDIATION | DIVESTED FACILITY - LA MIRADA | LA MIRADA, CA | CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD |
| REMEDIATION | DIVESTED FACILITY - LA MIRADA | LA MIRADA, CA | CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD |
| SITE CLEANUP | DIVESTED FACILITY - LA MIRADA | LA MIRADA, CA | DEPARTMENT OF TOXIC SUBSTANCES CONTROL |
| SITE CLEANUP | DIVESTED FACILITY - LA MIRADA | LA MIRADA, CA | DEPARTMENT OF TOXIC SUBSTANCES CONTROL |

**Specific Notes:**

The Debtors trace their history back over 101 years.  Throughout this time, the Debtors have operated in many locations.  At some locations, the Debtors no longer have any operations and may no longer have relevant records.  Moreover, the records may no longer be complete or reasonably accessible and reviewable.  Some individuals who once possessed responsive information are no longer employed by the Debtors.  For all these reasons it may not be reasonably possible to identify and supply the requested information for every "site" and "proceeding" literally responsive to Question 17.  Nonetheless, the Debtors have devoted substantial internal and external resources to identifying and providing the requested information for as many responsive sites and proceedings as reasonably possible.  The Debtors placed first priority on identifying all active or open matters.  The Debtors may supplement or amend this response in the future if additional information becomes available.

Due to the great number of potentially responsive matters, the practical burdens in compiling information on inactive matters and the presumably lower relevance of information on matters that have been inactive for a longer period of time, the Debtors generally have attempted to compile information on inactive matters only where there has been some activity within the last few years.

Where some requested categories of information were not reasonably available for a listed "site" or "proceeding," the Debtors' response gives as much information as was available.

This response does not include sites or proceedings related to non-environmental laws such as occupational safety and health laws or transportation laws.



**Hayes Lemmerz Inc. et al**
**Global Legal Entity Listings**

SOFA 18a

| Company | Ownership Percentage | JV? | State of Inc. | Ch. 11 | Taxpayer ID | Address | City, State, Zip |
|---|---|---|---|---|---|---|---|
| Hayes Lemmerz International, Inc. | 100% | | DE | Yes | 32-0072578 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Parent Company, Inc. | 100% | | DE | Yes | 61-1447832 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Operating Company, Inc. | | | DE | Yes | 30-0167742 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Finance LLC - Luxembourg S.C.A. | 99% | | Luxembourg | Yes | 98-0537731 | Centre Mercure, 5th Floor, 41 avenue de la Gare | 5eme Etage, L-1611, Luxembourg |
| Hayes Lemmerz Autokola, A.S. | 20% | | Czech Republic | | | Vratimovska 707 | 707 00 Ostrava-Kunice, Czech Republic |
| HLI Brakes Holding Company, Inc. | 100% | | DE | Yes | 32-0072575 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Powertrain Holding Company, Inc. | 100% | | DE | Yes | 30-0168269 | 15300 Centennial Drive | Northville, MI, 48168 |
| Industrias Fronterizas HLI, S.A. de C.V. | < 1% | | Mexico | | | Ave. General Manuel Avila Camacho, Manzana 3, Lote 8 y 9, Parque Industrial O.L. Longoria | Nuevo Lardo, Tamaulipas, Mexico C.P. 88 170 |
| Hayes Lemmerz International - Laredo, Inc. ** | 100% | | TX | Yes | 74-2418656 | 15300 Centennial Drive | Northville, MI, 48168 |
| Industrias Fronterizas HLI, S.A. de C.V. | 99% | | Mexico | | | Ave. General Manuel Avila Camacho, Manzana 3, Lote 8 y 9, Parque Industrial O.L. Longoria | Nuevo Lardo, Tamaulipas, Mexico C.P. 88 170 |
| Hayes Lemmerz International - Wabash, Inc. ** | 100% | | IN | Yes | 38-2170301 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Services Holding Company, Inc. | 100% | | DE | Yes | 61-1447840 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Technical Center, Inc. ** | 100% | | MI | Yes | 38-2257519 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Realty, Inc. | 100% | | MI | Yes | 38-2781885 | 1600 W. Eight Mile Road | Ferndale, MI 48220 |
| HLI Commercial Highway Holding Company, Inc. | 100% | | DE | Yes | 35-2202828 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Commercial Highway, Inc. ** | 100% | | DE | Yes | 77-0597674 | 428 Seiberling Street | Akron, OH 44306 |
| HLI Suspension Holding Company, Inc. | 100% | | MI | Yes | 38-1650061 | 15300 Centennial Drive | Northville, MI, 48168 |
| HLI Wheels Holding Company, Inc. | 100% | | DE | Yes | 38-367882 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Sedalia, Inc. ** | 100% | | DE | Yes | 77-0597670 | 3610 W. Main St. | Sedalia, MO 65301 |
| Hayes Lemmerz International Import, Inc. ** | 100% | | DE | Yes | 38-3311655 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Georgia, Inc. ** | 100% | | DE | Yes | 58-2046122 | 215 Palmour Drive | Gainesville, GA 30501 |
| Hayes Lemmerz International - Huntington, Inc. | 100% | | DE | Yes | 62-1240825 | 1870 Riverfork Drive | Huntington, IN 46750 |
| Hayes Lemmerz International - Howell, Inc. | 100% | | MI | Yes | 38-1799246 | 2440 W. Michigan Road | Howell, MI 48843 |
| Hayes Lemmerz International - California, Inc. | 100% | | DE | Yes | 33-0042337 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz International - Kentucky, Inc. | 100% | | DE | Yes | 61-1148246 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Japan, K.K. | 100% | | Japan | | | Crescendo Building 4F 2-3-4 | Shin Yokohama, Kohoku-ku, Yokohoma, 222-0033, Japan |
| Hayes Lemmerz Luxembourg Holdings S.a.r.l. | 100% | | Luxembourg | | | Centre Mercure, 5th Floor, 41 avenue de la Gare | 5eme Etage, L-1611, Luxembourg |
| Hayes Lemmerz Finance LLC | 100% | | DE | Yes | 98-0537731 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Finance LLC - Luxembourg S.C.A. | 1% | | Luxembourg | | | Centre Mercure, 5th Floor, 41 avenue de la Gare | 5eme Etage, L-1611, Luxembourg |
| HLI European Holdings ETVE, S.L. | 100% | | Spain | | | Les Planes 1A | 08970 Sant Joan Despi, Barcelona, Spain |
| Hayes Lemmerz Czech Holdings s.r.o. | 90% | | Czech Republic | | | Vratimovska 704 | 707 00 Ostrava-Kunice, Czech Republic |
| Hayes Lemmerz - Inci-Jant Sanayi, A.S. | 13.34% | x | Turkey | | | Organize Sanayi Bolgesi 4 Yol No.1 | Manisa, Turkey |
| Hayes Lemmerz Italy Holdings, S.r.l | 100% | | Italy | | | Via Roma, 200 | 25020 Dello (Brescia) Italy |
| Hayes Lemmerz Alumino S. de R. L. de C.V. | < 1% | | Mexico | | | Boulevard Juan Pablo II, KM 2.5 Col. Aeropuerto | 31390 Chihuahua, Chih Mexico |
| Hayes Lemmerz, S.r.l | 100% | | Italy | | | Via Roma, 200 | 25020 Dello (Brescia) Italy |
| Automotive Overseas Investments (Proprietary) Limited | 100% | | South Africa | | | 3 Botha Street | Alroda Gauteng 1451, South Africa |
| Hayes Lemmerz South Africa (Proprietary) Limited | 100% | | South Africa | | | 3 Botha Street | Alroda Gauteng 1451, South Africa |
| Borlem Aluminio S.A. | 99% | | Brazil | | | Rua Alexandre de Gusmao, 834, Parque Capuava | 09111-310, Santo Andre, Sao Paulo, Brazil |
| Siam Lemmerz Co., Ltd. | 70% | x | Thailand | | | 42 Moo 5 Nongplakradi Road, Tumbon Nongplamoh, Ampur Nongkhae | Saraburi 18140 Thailand |
| Hayes Lemmerz Alukola, s.r.o. | 100% | | Czech Republic | | | Vratimovska 704 | 707 00 Ostrava-Kunice, Czech Republic |
| Hayes Lemmerz Alumino S. de R. L. de C.V. | 99% | | Mexico | | | Boulevard Juan Pablo II, KM 2.5 Col. Aeropuerto | 31390 Chihuahua, Chih Mexico |
| Hayes Lemmerz Manresa, S.L. | 100% | | Spain | | | Carretera de Sant Joan de Vilatorrada s/n | 08240 Manresa, Spain |
| Hayes Lemmerz Barcelona, S.L. | 100% | | Spain | | | Les Planes 1-1A | 08970 Sant Joan Despi, Barcelona, Spain |
| Borlem Aluminio S.A. | < 1% | | Brazil | | | Rua Alexandre de Gusmao, 834, Parque Capuava | 09111-310, Santo Andre, Sao Paulo, Brazil |
| HLI European Holdings S.a.r.l. | 100% | | Luxembourg | | | Centre Mercure, 5th Floor, 41 avenue de la Gare | 5eme Etage, L-1611, Luxembourg |
| Hayes Lemmerz Fabricated Holdings B.V. | 100% | | Netherlands | | | Drentestraat 24 bg | 1083 HK Amsterdam, The Netherlands |
| Hayes Lemmerz Czech Holdings s.r.o. | 10% | | Czech Republic | | | Vratimovska 704 | 707 00 Ostrava-Kunice, Czech Republic |
| Hayes Lemmerz Holding GmbH | 100% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Hayes Lemmerz - Inci-Jant Sanayi, A.S. | 46.66% | x | Turkey | | | Organize Sanayi Bolgesi 4 Yol No.1 | Manisa, Turkey |
| Hayes Lemmerz Jantas Jant Sanayi ve Ticaret A.S. | 60% | x | Turkey | | | Organize Sanayi Bolgesi | Manisa, Turkey |
| Borlem S.A. Empreendimentos Industrials | 95.40% | x | Brazil | | | Rua Barao do Rio Branco, 75, Itapegica | 070420-010, Guarulhos, Sao Paulo, Brazil |
| Remon - Resende Montadora Ltda. | 33.33% | x | Brazil | | | Rua Eng Alan da Costa Batista, 100 | 29501-970 Resende, Rio de Janeiro, Brazil |
| Hayes Lemmerz Werke GmbH | 100% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Hayes Lemmerz Konigswinter GmbH | 100% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Kalyani Hayes Lemmerz Limited | 85% | x | India | | | Gat-No. 635, Kuruli Village, Chakan Taluka: Khed, District | Pune - 410 501, India |
| Hayes Lemmerz Immobilien GmbH & Co. KG Partn | 94.90% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Hayes Lemmerz Autokola, A.S. | 80% | | Czech Republic | | | Vratimovska 707 | 707 00 Ostrava-Kunice, Czech Republic |
| Hayes Lemmerz Germany Holdings GmbH | 100% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| HLI Netherlands Holdings, Inc. | 100% | | DE | Yes | 38-3640015 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Lemmerz Immobilien GmbH & Co. KG Partn | 5.10% | | Germany | | | Ladestrabe | D-53639, Konigswinter, Germany |
| Hayes Lemmerz International - New York, Inc. | 100% | | NY | Yes | 80-0369278 | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Funding I, LLC | 100% | | DE | | | 15300 Centennial Drive | Northville, MI, 48168 |
| Hayes Funding II, Inc. | 100% | | DE | | | 15300 Centennial Drive | Northville, MI, 48168 |

** Entity has an interest in Hayes Funding I, LLC and Hayes Funding II, Inc. in proportion to receivables in the pool.

**Hayes Lemmerz International-California, Inc.**
**Case Number:  09-11660**

**Attachment 19a**

**19a. Accountants and Bookkeepers Supervising Books, Records, and Financial Statements**

| Supervisor | Title | Address | City, State & Zip | Time Period |
|---|---|---|---|---|
| JAMES A. YOST | CHIEF FINANCIAL OFFICER | 15300 CENTENNIAL DRIVE | NORTHVILLE, MI 48168 | 1/2001 - 5/2008 |
| MARK A. BREBBERMAN | CHIEF FINANCIAL OFFICER | 15300 CENTENNIAL DRIVE | NORTHVILLE, MI 48168 | 7/2008 - PRESENT |

**Hayes Lemmerz International-California, Inc.**
**Case Number:  09-11660**

**Attachment 19c**

**19c. Firms or Individuals Who at the Time of the Commencement of This Case Were in Possession of the Books of Account and Records of the Debtor**

| Name | Title | Address | City, State & Zip | Time Period |
| --- | --- | --- | --- | --- |
| MARK A. BREBBERMAN | CHIEF FINANCIAL OFFICER | 15300 CENTENNIAL DRIVE | NORTHVILLE, MI 48168 | 10/1/2008 - PRESENT |

**Hayes Lemmerz International-California, Inc.**
**Case Number:  09-11660**

**Attachment 21b**

**21b.  Current Officers, Directors and Stockholders holding 5% or more of the voting or equity securities**

| Name and Address | Title | Percentage Or Number Of Shares Of Ownership |
|---|---|---|
| CHRISTINE SWEDA | ASSISTANT TREASURER & CTO | 0 |
| ERIC MORAW | TREASURER | 0 |
| FRED BENTLEY | PRESIDENT | 0 |
| HLI WHEELS HOLDING COMPANY, INC. | 5 % HOLDER (1) | 100% of outstanding shares |
| JOHN A. SALVETTE | VP/BUSINESS DEVELOPMENT | 0 |
| JULIE TIMMER | ASSISTANT SECRETARY | 0 |
| MARK BREBBERMAN | VP/CFO | 0 |
| PATRICK C. CAULEY | DIRECTOR/VP/SECRETARY | 0 |
| STEVEN ESAU | ASSISTANT SECRETARY | 0 |

**Notes:**

(1) Based on SEC Form 13G filed on 12-31-2008

1

**Hayes Lemmerz International-California, Inc.**                                    **Attachment 22b**
**Case Number:  09-11660**

**22b.  Former Officers and Directors**

| Name | Title | Address |
| --- | --- | --- |
| JAMES A. YOST | VP/CFO | 15300 CENTENNIAL DRIVE, NORTHVILLE, MI 48168 |

**Hayes Lemmerz International-California, Inc.**
**Case Number:  09-11660**

**Attachment 24**

**24. Tax Consolidation Group**

| Legal Entity Which Paid Taxes | EIN | Year |
|---|---|---|
| HAYES LEMMERZ INTERNATIONAL, INC. | 32-0072578 | 2004-2009 |

**Hayes Lemmerz International-California, Inc.**                    **Case Number:  09-11660**

## DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

I, authorized signatory of this debtor entity, declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.


HAYES LEMMERZ INTERNATIONAL-CALIFORNIA, INC.


**Date:**    06/09/09                              **By:**  _____

                                                       MARK A. BREBBERMAN
                                                       VICE PRESIDENT AND CHIEF
                                                       FINANCIAL OFFICER

*Penalty for making a false statement: Fine of up to $500,000, or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571.*