**EXHIBIT A**

**HARVEY LOI**

Harvey Holdings LLC
G. Jerome Harvey
President and Chief Executive Officer

August 4, 2009

VIA FACSIMILE: 734-737-2143

Mr. John A. Salvette
Vice President – Business Development
Hayes Lemmerz International – Laredo, Inc.
15300 Centennial Drive
Northville, MI 48168

Dear John:

This letter confirms that Harvey Holdings, LLC, a Michigan limited liability company ("Buyer"), wishes to enter into good faith negotiations for the purpose of entering into an agreement with Hayes Lemmerz International – Laredo, Inc. ("Seller") for the purchase of substantially all of the tangible and intangible assets of Seller, including but not limited to all of the outstanding shares of capital stock (the "Shares") of Industrias Fronterizas HLI, S.A. de C.V. ("Industrias") subject to the approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to Sections 105 and 363 of the bankruptcy code, in which Seller and certain other subsidiaries of Hayes Lemmerz International, Inc., have filed for protection under the laws of chapter 11 of the U.S. Bankrupcty Code (the "Chapter 11 Filing"). We contemplate a transaction that would include the following terms and conditions:

1. Price and Terms

   (a) Assets to be Acquired. The transaction would be a purchase of substantially all of the tangible and intangible assets of Seller, including but not limited to all of the Shares of Industrias held by Seller or other subsidiaries of Hayes Lemmerz International, Inc. ("Acquired Assets"). Notwithstanding anything aforementioned to the contrary, the Acquired Assets shall not include (i) accounts receivable to be identified by Seller and in aggregate amount not to exceed accounts payable owed by Seller at Closing (the "Retained Receivables"), and (ii) intercompany accounts receivable with any and all related parties and entities of Seller (together with the Retained Receivables, the "Excluded Assets"). Buyer shall grant Seller authorization to collect payment on all accounts receivable regardless if these are Acquired Assets or Excluded Assets, until Seller pays, settles or otherwise discharges all accounts payable owed by Seller at Closing. In addition, accounts receivable to be identified by Seller in an aggregate amount not to exceed 10% of the Retained Receivables, and any collections thereon, shall be placed into an escrow

Mr. John A. Salvette  
Hayes Lemmerz International, Inc.  
World Headquarters  
15300 Centennial Drive  
Northville, MI 48168

August 14, 2009  
Page 2

account until such time as Seller has paid, settled or discharged all the accounts payable owed by Seller at Closing. Amounts in escrow may be withdrawn by Seller to the extent of any documented payment default, reduction or set-off with respect to any of the Retained Receivables or to cover the payment of any documented accounts payable owed by Seller at Closing but not then identified, including any cure payments with respect to any Assigned Contracts. Seller will provide Buyer with five (5) business days prior written notice, including copies of supporting documentation, prior to any withdrawal from the escrow. In no event shall amounts collected by Seller with respect to the Retained Receivables together with any withdrawals from the escrow exceed the aggregate amount of the accounts payable owed by Seller at Closing. The Acquired Assets would include certain personal property used in the business of Seller or Industrias and located in Hayes Lemmerz International, Inc.'s Northville, Michigan headquarters. Buyer would assume all contracts and leases of Seller ("Assigned Contracts").

(b) <u>Assumed Liabilities.</u> Buyer would assume only those liabilities and obligations arising from the Assigned Contracts on or after the Closing Date; provided that Buyer would not assume or agree to pay, discharge or perform any liabilities arising out of any breach by Seller prior to the Closing of any Assigned Contract. Buyer would not assume intercompany accounts payable with any and all related parties and entities of Seller.

(c) <u>Retained Assets and Liabilities (of Industrias). Release of Claims.</u> Prior to Closing and at no cost to Buyer, Industrias would sell, settle or transfer to Seller (and/or affiliates of Seller) all intercompany receivables and payables between Industrias, Seller, Hayes Lemmerz International, Inc. or any affiliates of Seller and Hayes Lemmerz International, Inc. (collectively hereafter "Hayes"). Furthermore, Hayes would provide Industrias with a release of any and all claims that it may have against Industrias, except as otherwise provided in subsection (f) below and Industrias would provide Hayes with a release of any and all claims that it may have against Hayes.

(d) <u>Limited Representations and Warranties of Seller.</u> Seller would provide limited representations and warranties. Seller would provide no indemnification.

JH

Mr. John A. Salvette                                    August 14, 2009
Hayes Lemmerz International, Inc.                       Page 3
World Headquarters
15300 Centennial Drive
Northville, MI 48168

    (e) <u>Consideration.</u> The total consideration for the Acquired Assets would be the sum of (x) One Dollar ($1.00) plus (y) a sum equal to the amount of cash in all of Industrias' bank accounts at the Closing of the transaction (the "Closing Date").

    (f) <u>Payments On Certain Business.</u> In the event that Buyer, Industrias or an affiliate of Buyer or Industrias (collectively, the "Buyer Entities") make any sales at any time under the Detroit Diesel Heavy Duty Engine Program (the "DDHDEP Program"), Buyer Entities would pay to Seller three percent (3%) of the selling price of each part and/or assembly shipped under such DDHDEP Program. In the event that Buyer Entities make any sales after January 1, 2011, under the General Motors High Feature V6 SIDI program (the "GM SIDI Program"), Buyer Entities would pay to Seller two and a half percent (2.5%) of the selling price of each part and/or assembly shipped under such GM SIDI Program.

2. <u>Certain Conditions</u>

    (a) <u>Conduct in Ordinary Course.</u> Until the Closing Date, Seller and Industrias would operate the business in the ordinary and usual course consistent with past practices and there would be no material adverse change in the business, operations, assets, liabilities or financial conditions of Seller and Industrias.

    (b) <u>Consents and Approval.</u> The parties would use commercially reasonable efforts to obtain all third party consents and approvals from governmental authorities necessary for the transaction.

    (c) <u>Definitive Agreements.</u> All of the terms and conditions of the proposed transaction would be stated in a definitive written agreement (the "Asset Purchase Agreement") to be negotiated, agreed upon and signed by Seller and Buyer.

    (d) <u>Closing.</u> It is understood and agreed that the Closing Date of the transaction is dependent upon the approval of the Bankruptcy Court and the time requirements of a sale under Section 363 of the bankruptcy code. The parties contemplate that the Closing Date will occur on or about October 31, 2009.

Mr. John A. Salvette  
Hayes Lemmerz International, Inc.  
World Headquarters  
15300 Centennial Drive  
Northville, MI 48168

August 14, 2009  
Page 4

3. <u>Due Diligence Review.</u> Promptly following the execution of this letter of intent, Seller would allow Buyer and its representatives to examine Seller's and Industrias' financial, accounting and business records, the assets and liabilities and all contracts and other legal documents affecting the business, and generally to conduct a commercial, accounting and legal investigation of the business and affairs of Seller and Industrias. Such investigation, and any information obtained by Buyer as a result thereof is subject to a certain Confidentiality and Non-Disclosure Agreement entered into by HLI Operating Company, Inc. and Buyer dated October 17, 2007. The results of such due diligence reviews must continue to be satisfactory to us.

4. <u>Expenses.</u> Seller and Buyer shall each be responsible and pay respective expenses incident to this letter of intent, the Asset Purchase Agreement and the transaction contemplated hereby and thereby.

5. <u>Bankruptcy Court Approval.</u> Within seven (7) days after execution of the Asset Purchase Agreement, Seller shall file a motion (the "Sale and Bid Procedures Motion") with the Bankruptcy Court, in form and substance reasonably acceptable to Seller and Buyer, (i) authorizing and approving the transactions contemplated in the Asset Purchase Agreement (the "Sale Order"), and (ii) approving notice, bidding and auction procedures, including a requirement that the Purchaser and all other bidders keep their offers open until the earlier of forty five (45) days after a sale hearing or the date the Seller consummates a sale of the Acquired Assets, and authorizing the Seller to pay as administrative expenses under Section 503(b)(1) of the Bankruptcy Code up to $100,000 of reasonable and documented costs and expenses of Buyer incurred from and after the date of this letter of intent and related to negotiating the Asset Purchase Agreement and conducting Buyer's due diligence review, but only if Seller consummates a sale of the Acquired Assets to another party (the "Bidding Procedures Order"). The Bidding Procedures Order shall specify that the minimum initial bid by a third party for the Acquired Assets shall be at least $100,000 with additional bids in increments of $50,000. It shall be a condition to Buyer's obligations under the Asset Purchase Agreement that the Bankruptcy Court shall have entered the Bidding Procedures Order immediately after the Seller's next omnibus hearing before the Bankruptcy Court that is at least twenty (20) days after the filing of the Sale and Bid Procedures Motion. It shall be a condition precedent to Seller's obligations under the Asset Purchase Agreement that the Bankruptcy Court shall have entered the Sale Order, after notice and a hearing as defined in Section 101 of the Bankruptcy Code, approving the terms and conditions of the Asset Purchase Agreement and authorizing Seller to perform all acts necessary to consummate the transactions contemplated in the Asset Purchase Agreement, and that such order shall be a Final Order.

JK

Mr. John A. Salvette  August 14, 2009
Hayes Lemmerz International, Inc.  Page 5
World Headquarters
15300 Centennial Drive
Northville, MI 48168

6. Public Announcement. Neither Seller nor Buyer (subject to requirements of law) would make any announcement of the transaction contemplated by this letter of intent without the prior written approval of the other party.

7. Broker's Fees. Seller represents that no one has been employed by Seller who would be entitled to a brokerage or other similar fee by reason of the transaction contemplated by this letter of intent.

8. Governing Law; Currency. This letter of intent shall be governed by and construed in accordance with the laws of the State of Michigan. All dollar amounts in this letter of intent are in United States Dollars.

Consummation of the transaction is subject to further satisfactory investigation and verification by Buyer of Seller's and Industrias' business and affairs, including a review of all pertinent books and records, negotiation with Seller, no disruption or substantial change in Seller's and Industrias' normal business prior to the closing date and execution of mutually satisfactory agreements.

No Binding Obligation. Except for the provisions of Paragraphs 4 through 8, THIS LETTER OF INTENT DOES NOT CONSTITUTE OR CREATE AND SHALL NOT BE DEEMED TO CONSTITUTE OR CREATE, ANY LEGAL, BINDING OR ENFORCEABLE OBLIGATION ON THE PART OF ANY PARTY TO THIS LETTER OF INTENT. This Letter is not an offer capable of acceptance or an agreement to agree. No statement contained in this Letter may be relied upon as a representation or warranty. NO SUCH OBLIGATION SHALL BE CREATED, EXCEPT BY THE EXECUTION AND DELIVERY OF THE ASSET PURCHASE AGREEMENT CONTAINING SUCH TERMS AND CONDITIONS OF THE PROPOSED TRANSACTION AS SHALL BE AGREED UPON BY THE PARTIES, AND THEN ONLY IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF SUCH ASSET PURCHASE AGREEMENT.

This letter of intent will automatically expire at 5.00p.m. Eastern Standard Time on August 20, 2009, if not accepted by Seller prior to that time. If accepted by Seller, this letter of intent will automatically expire at 5.00p.m. Eastern Standard Time on August 31, 2009, if the Asset Purchase Agreement has not been executed by Buyer and Seller prior to that time.

JH

Mr. John A. Salvette                                          August 14, 2009
Hayes Lemmerz International, Inc.                             Page 6
World Headquarters
15300 Centennial Drive
Northville, MI 48168

If the foregoing terms and conditions are acceptable, please so indicate by signing a copy of this letter and returning it to the attention of the undersigned.

Sincerely yours,

HARVEY HOLDINGS, LLC

By: _____
G. Jerome Harvey
President & CEO

ACKNOWLEDGED AND ACCEPTED BY:

HAYES LEMMERZ INTERNATIONAL – LAREDO, INC.

By: _____
John A. Salvette

Its: ___Vice President – Business Development___

Date: ___8/19/09___

August 31, 2009

VIA FACSIMILE

Harvey Holdings LLC
G. Jerome Harvey
President and Chief Executive Officer
[Address]

Dear Jerome:

This letter confirms ~~that~~ JH the agreement between Harvey Holdings, LLC and Hayes Lemmerz International - Laredo, Inc. ("Seller") to extend the term of the letter of intent dated August 14, 2009 for the purchase of substantially all of the tangible and intangible assets of Seller, including but not limited to all of the outstanding shares of capital stock of Industrias Fronterizas HLI, S.A. de C.V. (the "Letter of Intent"). We have agreed that the Letter of Intent will remain in effect until September 25, 2009, on which date it will automatically expire at 5.00p.m. Eastern Standard Time, unless a definitive Asset Purchase Agreement (as defined in the Letter of Intent) has been executed by Buyer and Seller prior to that time.

If the foregoing accurately reflects our agreement with respect to the Letter of Intent, please so indicate by signing a copy of this letter and returning it to the attention of the undersigned.

Sincerely yours,

HAYES LEMMERZ INTERNATIONAL - LAREDO, INC.

By: _____
John A. Salvette
Vice President – Business Development

Mr. Jerome Harvey  
Page 2

August 31, 2009

ACKNOWLEDGED AND ACCEPTED BY:

HARVEY HOLDINGS, LLC

By: _____  
G. Jerome Harvey  
President & CEO

Date: 8/31/09