IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - x
                          :
In re:                    :  Chapter 11
                          :
HAYES LEMMERZ INTERNATIONAL, :  Case No. 09-11655 (MFW)
INC., et al.,¹            :
                          :  Jointly Administered
            Debtors.      :
- - - - - - - - - - - - - :x  Related to Docket No. 586
```

**ORDER (A) ESTABLISHING BIDDING AND AUCTION PROCEDURES RELATED TO THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF HAYES LEMMERZ INTERNATIONAL - LAREDO, INC.; (B) APPROVING EXPENSE REIMBURSEMENT CLAIM; (C) SCHEDULING AN AUCTION AND SALE HEARING; (D) PERMITTING CREDIT BIDDING PURSUANT TO BANKRUPTCY CODE SECTION 363(k); (E) ESTABLISHING CERTAIN NOTICE PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (F) APPROVING FORM AND MANNER OF NOTICE OF ALL PROCEDURES, PROTECTIONS, SCHEDULES AND AGREEMENTS; AND (G) GRANTING CERTAIN RELATED RELIEF**

---

[1] The following of Hayes' U.S. subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Hayes (2578) and have obtained joint administration therewith: Hayes Lemmerz Finance LLC (7731), Hayes Lemmerz International Import, Inc. (1655), Hayes Lemmerz International - California, Inc. (2337), Hayes Lemmerz International - Commercial Highway, Inc. (7674), Hayes Lemmerz International - Georgia, Inc. (6122), Hayes Lemmerz International - Howell, Inc. (9246), Hayes Lemmerz International - Huntington, Inc. (0825), Hayes Lemmerz International - Kentucky, Inc. (8246), Hayes Lemmerz International - Laredo, Inc. (8656), Hayes Lemmerz International - New York, Inc. (9278), Hayes Lemmerz International - Sedalia, Inc. (7670), Hayes Lemmerz International - Technical Center, Inc. (7519), Hayes Lemmerz International - Wabash, Inc. (0301), HLI Brakes Holding Company, Inc. (2575), HLI Commercial Highway Holding Company, Inc. (2828), HLI Netherlands Holdings, Inc. (0015), HLI Operating Company, Inc. (7742), HLI Parent Company, Inc. (7832), HLI Powertrain Holding Company, Inc. (8269), HLI Realty, Inc. (1885), HLI Services Holding Company, Inc. (7840), HLI Suspension Holding Company, Inc. (0061), and HLI Wheels Holding Company, Inc. (7882) (collectively with Hayes, the "U.S. Debtors"). With the exception of Hayes Lemmerz Finance LLC - Luxembourg S.C.A. (Luxembourg: 0646; USA: 7731) (the "Non-U.S. Debtor"), none of the foreign affiliates or subsidiaries of Hayes are Debtors in these chapter 11 cases. The mailing address for each of the U.S. Debtors is 15300 Centennial Drive, Northville, Michigan 48168.

Upon consideration of the motion (the "Motion")[2] of Hayes Lemmerz International, Inc. ("Hayes") and certain of its affiliates, debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (the "Bidding Procedures Order") (A) establishing bidding and auction procedures (the "Bidding Procedures") in connection with the sale (the "Sale") of substantially all the tangible and intangible assets (the "Assets") of Hayes Lemmerz International – Laredo, Inc. ("HLI – Laredo"),[3] free and clear of all claims (as defined in section 101(5) of the Bankruptcy Code) and any other interests, liens, mortgages, pledges, security interests, rights of first refusal, obligations and encumbrances of any kind whatsoever (collectively, the "Interests"); (B) approving the proposed expense reimbursement claim for Harvey Holdings, LLC ("Harvey" or the "Stalking Horse Bidder"); (C) scheduling an auction (the "Auction") and setting a date and time for a sale hearing (the "Sale Hearing") for the Sale of the Assets; (D) permitting credit bidding pursuant to Bankruptcy Code section 363(k); (E) establishing procedures for noticing the assumption and assignment of executory contracts and unexpired leases (the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] The proposed Sale (as further set forth in the Bidding Procedures document) also includes certain limited property of affiliates of HLI – Laredo, the value of which is *de minimis*.

2

"Assignment Procedures"); (F) approving the form and manner of notice of all procedures, protections, schedules and agreements; and (G) granting certain related relief; and the Court having considered the Motion, and the arguments of counsel made, and the evidence adduced, at the hearing on the Motion (the "Bidding Procedures Hearing"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other interested parties; and upon the record of the Bidding Procedures Hearing and these chapter 11 cases, and after due deliberation thereon, and good and sufficient cause appearing therefore, it is hereby

**FOUND AND DETERMINED THAT:**

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, and 365[4] and Fed. R. Bankr. P. 2002, 6004, and 6006. Venue

---

[4] All section references herein shall be to title 11 of the United States Code, unless otherwise indicated.

3

of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtors' proposed notices (as set forth in the Motion) of the Bidding Procedures, the Sale Hearing, the Successful Bidder, and the Assignment Procedures and Cure Amounts, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004, and 6006, and no other or further notice of, or hearing on, the Motion or this Order is required.

C. The Bidding Procedures and the Assignment Procedures substantially in the form set forth in the Motion are fair, reasonable, and appropriate, and are designed to maximize the value of the Debtors' estates.

D. The Debtors have demonstrated a compelling and sound business justification for approving the payment of the Expense Reimbursement Claim under the circumstances and timing set forth in the Motion.

E. The Debtors' granting of the Expense Reimbursement Claim to the Stalking Horse Bidder has facilitated the offer of the Stalking Horse Bidder to purchase the Assets and is fair, reasonable and appropriate in light of (i) the efforts that have been expended by the Stalking Horse Bidder, and (ii) the benefits the Stalking Horse Bidder has provided to

4

the Debtors' estates and creditors and all parties in interest herein.

F. The Debtors have (i) articulated good and sufficient reasons for this Court to grant the relief requested in the Motion and (ii) demonstrated sound business justifications to support such relief.

G. Entry of this Bidding Procedures Order is in the best interests of the Debtors' estates, creditors and all other parties in interest.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The (i) Bidding Procedures, and (ii) the Assignment Procedures are hereby APPROVED, and fully incorporated into this Order, and shall apply with respect to the proposed Sale of the Assets and the assumption and assignment of executory contracts and unexpired leases contemplated by the Motion. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

### Auction and Bidding Procedures

3. The Debtors are authorized (i) to conduct an auction (the "Auction") with respect to the Assets. The

Auction, if any, shall be conducted at the offices of the Debtors' counsel located at One Rodney Square, Wilmington, Delaware 19899 (the "Auction Site") on October 21, 2009 (the "Auction Date") (time to be determined), or such other place and date as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids and expressed their intent to participate in the Auction as set forth in the Bidding Procedures, and (ii) subject to terms of this Bidding Procedures Order, to take all actions necessary, in the discretion of the Debtors, to conduct and implement such Auction.

4. The Debtors may (i) select, in their business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (ii) reject any bid that, in the Debtors' business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Bidding Procedures, or (c) contrary to the best interests of the Debtor and its estate, creditors, interest holders or parties in interest.

5. Nothing in this Bidding Procedures Order or the Bidding Procedures shall preclude any party from exercising their rights under Bankruptcy Code section 363(k) to make a credit bid at the Auction to the extent permitted by Bankruptcy

Code section 363(k). The Stalking Horse Bidder may credit bid its Expense Reimbursement Claim at any Auction.

6. The Stalking Horse Bidder is deemed a Qualified Bidder, and the Stalking Horse Bid for the Assets is deemed a Qualified Bid.

**The Bidding Protections**

7. Pursuant to Bankruptcy Code sections 105, 363, 364, 503, 506 and 507, the Debtors are hereby authorized to pay the Stalking Horse Bidder the Expense Reimbursement Claim pursuant to the terms and conditions set forth in the Bidding Procedures, Motion and Harvey LOI.

8. The Debtor shall pay the Stalking Horse Bidder the Expense Reimbursement Claim for the reasonable and documented costs and expenses of the Stalking Horse Bidder incurred from and after the date of the Harvey LOI and relating to the negotiation of an asset purchase agreement and conducting due diligence review. The maximum Expense Reimbursement Claim will be $100,000. The Expense Reimbursement is hereby approved and (i) as set forth in the Bidding Procedures, shall only be paid upon consummation of a Sale of the Acquired Assets to another party, (ii) shall be funded from the increased proceeds of the Sale realized by the Debtors, and (iii) shall be accorded super priority administrative expense status under Bankruptcy Code section 503(b)(1).

**Additional Notice Provisions**

9. Within three (3) business days after the entry of the Bidding Procedures Order (the "Service Date") or as soon thereafter as practicable, the Debtors (or their agents) shall serve a copy of this Bidding Procedures Order, the Motion, and the approved Bidding Procedures by first-class mail, postage prepaid, upon (i) all entities known to have expressed an interest in a transaction with respect to any of the Assets, individually or as part of a package, during the year; (ii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Assets; (iii) all parties to executory contracts and unexpired leases to be assumed upon the consummation of the Sale; (iv) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (vii) the United States Attorney's office; (v) all entities on the 2002 Service List and (vi) counsel to any official committee established in these chapter 11 cases (the "Sale Notice Parties").

10. On the Service Date or as soon thereafter as practicable, the Debtors (or their agents) shall serve by first

8

class mail, postage prepaid, a sale notice (the "Sale Notice") upon all known creditors of solely HLI - Laredo.[5]

11. As soon as possible after the conclusion of the auction the Debtors shall file, but not serve, a notice identifying any Successful Bidder (the "Post Auction Notice").

## Assumption and Assignment Procedures

12. The Assignment Procedures are approved.

13. Within three (3) business days after entry of the Bidding Procedures Order or as soon thereafter as practicable, the Debtors will file a notice of cure amount (the "Cure Notice") with the Court and serve the Cure Notice on all non-debtor parties to any executory contracts and unexpired leases (the "Contract Counterparties") that the Stalking Horse Bidder is seeking to assume.

14. The Cure Notice shall state the cure amounts that the Debtors believe are necessary to assume such executory contracts and unexpired leases pursuant to Bankruptcy Code section 365 (the "Cure Amount") and notify the applicable Contract Counterparty that such party's unexpired executory contract or lease may be assumed and assigned to the Stalking Horse Bidder (or Successful Bidder). The Cure Notice shall set

---

[5] The Debtors shall not be required to serve the holders of their publicly traded securities.

the deadline by which the Contract Counterparty shall file an objection to the Cure Amount.

15. All objections by non-debtor parties to the Cure Amount, must be filed fifteen (15) days after service of the Cure Notice (the "<u>Cure Objection Deadline</u>").

16. Unless a Contract Counterparty files an objection to the Cure Amount by the Cure Objection Deadline, then such Contract Counterparty shall be (i) forever barred from objecting to the Cure Amount; and (ii) forever barred and estopped from asserting or claiming against the Debtors, any Successful Bidder or any other assignee of the relevant contract.

17. All timely filed objections to any Cure Amount must set forth (i) the basis for the objection, (ii) the exact amount the party asserts as the Cure Amount, and (iii) sufficient documentation to support the Cure Amount alleged.

18. Hearings on objections to any Cure Amount may be held at the Sale Hearing or upon such other date as the Court may designate upon request by the Debtors with the prior consent of the Successful Bidder.

### Additional Provisions

19. The Debtors are authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established under this Order.

20. A Sale Hearing to approve the sale of all or substantially all of the Assets, individually or as part of a group to any Successful Bidder and authorizing the assumption and assignment of certain executory contracts and unexpired leases shall be held on October 22, 2009 at 2:00 p.m. (prevailing Eastern time), unless otherwise continued by the Debtors. The Sale of the Assets pursuant to the Motion and Bidding Procedures Order and as may be authorized at the Sale Hearing shall not close prior to consummation of the Plan (e.g., occurrence of the effective date of the Plan) without the prior consent of the Creditors' Committee; provided however, the Debtors may seek the authority of the Court, after further notice of not less than ten (10) days and a hearing, to close the Sale prior to consummation of the Plan. Nothing herein shall affect or impair the Creditors' Committee's rights to raise its objections to the Sale at any such hearing.

21. Objections, if any, to any Sale must be filed and served by October 15, 2009 at 4:00 p.m. (prevailing Eastern time) (the "Sale Objection Deadline"). The parties to receive copies of such objections are set forth in the Sale Notice.

22. This Order shall be binding on and inure to the benefit of any Successful Bidder and its affiliates, successors and assigns, and the Debtors, including any chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

23. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

24. This Order shall be immediately effective and enforceable upon entry hereof.

25. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bidding Procedures, the Sale of the Assets, the Expense Reimbursement Claim, the Harvey LOI, and the implementation of this Order.

Dated: Wilmington, DE
September 22, 2009

_____
Honorable Mary F. Walrath
UNITED STATES BANKRUPTCY JUDGE