IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
HAYES LEMMERZ INTERNATIONAL,  :   Case No. 09-11655 (MFW)
INC., et al.,¹                :
                              :
       Debtors.               :   Jointly Administered
                              :
                              :   Hrg Date: 11/3/09 at 10:00 a.m. (ET)
                              :   Rel. Dkt. Nos.: 539, 674, 675, 684, 686,
- - - - - - - - - - - - - - - x   701, 722, 723, 742, 744, 779, and 786
```

**NOTICE OF FILING FINAL OR SUBSTANTIALLY FINAL PROPOSED FORM OF
SETTLEMENT STIPULATION BY AND AMONG DEBTORS, DIP AGENT, MERCATOR
CLO III LIMITED AND NEW AMSTERDAM CAPITAL MANAGEMENT LLP
<u>RESOLVING OBJECTION TO CONFIRMATION AND ANY AND ALL CLAIMS</u>**

PLEASE TAKE NOTICE that on October 6, 2009, Mercator CLO

III Limited ("<u>Mercator</u>") filed the **Objection of Mercator CLO III**

---

[1] The following of Hayes' U.S. subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Hayes (2578) and have obtained joint administration therewith: Hayes Lemmerz Finance LLC (7731), Hayes Lemmerz International Import, Inc. (1655), Hayes Lemmerz International - California, Inc. (2337), Hayes Lemmerz International - Commercial Highway, Inc. (7674), Hayes Lemmerz International - Georgia, Inc. (6122), Hayes Lemmerz International - Howell, Inc. (9246), Hayes Lemmerz International - Huntington, Inc. (0825), Hayes Lemmerz International - Kentucky, Inc. (8246), Hayes Lemmerz International - Laredo, Inc. (8656), Hayes Lemmerz International - New York, Inc. (9278), Hayes Lemmerz International - Sedalia, Inc. (7670), Hayes Lemmerz International - Technical Center, Inc. (7519), Hayes Lemmerz International - Wabash, Inc. (0301), HLI Brakes Holding Company, Inc. (2575), HLI Commercial Highway Holding Company, Inc. (2828), HLI Netherlands Holdings, Inc. (0015), HLI Operating Company, Inc. (7742), HLI Parent Company, Inc. (7832), HLI Powertrain Holding Company, Inc. (8269), HLI Realty, Inc. (1885), HLI Services Holding Company, Inc. (7840), HLI Suspension Holding Company, Inc. (0061), and HLI Wheels Holding Company, Inc. (7882) (collectively with Hayes, the "<u>U.S. Debtors</u>"). With the exception of Hayes Lemmerz Finance LLC - Luxembourg S.C.A. (Luxembourg: 0646; USA: 7731) (the "<u>Non-U.S. Debtor</u>"), none of the foreign affiliates or subsidiaries of Hayes are Debtors in these chapter 11 cases. The mailing address for each of the U.S. Debtors is 15300 Centennial Drive, Northville, Michigan 48168.

**Limited to First Amended Joint Plan of Reorganization of Hayes Lemmerz International, Inc. and its Affiliated Debtors and Debtors-in-Possession** (the "Mercator Objection") (Docket No. 674).

PLEASE TAKE FURTHER NOTICE on November 2, 2009, the the above captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the **Notice of Filing Final or Substantially Final Proposed Form of Settlement Stipulation By and Among Debtors, DIP Agent, Mercator CLO III Limited and New Amsterdam Capital Management LLP Resolving Objection to Confirmation and Any and All Claims** (the "Proposed Mercator Stipulation"), attached hereto as Exhibit A. Subject to execution by the parties and approval by the Court, the Proposed Mercator Stipulation would resolve the Mercator Objection in accordance with the mutually agreed upon terms set forth in the Proposed Mercator Stipulation.

PLEASE TAKE FURTHER NOTICE that copies of the Mercator Objection, Proposed Mercator Stipulation, and other pleadings filed in the above-captioned cases, can be obtained on the Court's website at www.deb.uscourts.gov by registered users of the Bankruptcy Court's case filing system or the Debtors' restructuring website at www.hayeslemmerzreorg.com or from counsel for the Debtors as set forth below.

Dated: Wilmington, Delaware
       November 2, 2009

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/ *Kimberly A. LaMaina*
    Anthony W. Clark (I.D. No. 2051)
    Kimberly A. LaMaina (I.D. No. 4568)
    One Rodney Square
    P.O. Box 636
    Wilmington, DE 19899
    (302) 651-3000

    - and -

    J. Eric Ivester
    Stephen D. Williamson
    Bennett S. Silverberg (New York Office)
    155 North Wacker Drive, Suite 2700
    Chicago, Illinois 60606
    (312) 407-0700

Counsel for Debtors and
    Debtors-in-Possession

# EXHIBIT A

**PROPOSED MERCATOR STIPULATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - -x
                                 :
In re:                           :   Chapter 11
                                 :
HAYES LEMMERZ INTERNATIONAL,     :   Case No. 09-11655 (MFW)
INC., et al.,[1]                 :
                                 :   Jointly Administered
         Debtors.                :
                                 :   **Related Docket Nos. 539, 674, 675, 684, 686,**
- - - - - - - - - - - - - - - - -x   **701, 722, 723, 742, 744, 779, and 786**

**STIPULATION BY AND AMONG DEBTORS, DIP AGENT, MERCATOR
CLO III LIMITED AND NEW AMSTERDAM CAPITAL MANAGEMENT LLP
<u>RESOLVING OBJECTION TO CONFIRMATION AND ANY AND ALL CLAIMS</u>**

On this 2nd day of November, 2009, for and in consideration of mutual promises, covenants, and agreements set forth herein, the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"),[2] Deutsche Bank AG, New York Branch, in its individual

---

[1] The following of Hayes' U.S. subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Hayes (2578) and have obtained joint administration therewith: Hayes Lemmerz Finance LLC (7731), Hayes Lemmerz International Import, Inc. (1655), Hayes Lemmerz International – California, Inc. (2337), Hayes Lemmerz International – Commercial Highway, Inc. (7674), Hayes Lemmerz International – Georgia, Inc. (6122), Hayes Lemmerz International – Howell, Inc. (9246), Hayes Lemmerz International – Huntington, Inc. (0825), Hayes Lemmerz International – Kentucky, Inc. (8246), Hayes Lemmerz International – Laredo, Inc. (8656), Hayes Lemmerz International – New York, Inc. (9278), Hayes Lemmerz International – Sedalia, Inc. (7670), Hayes Lemmerz International – Technical Center, Inc. (7519), Hayes Lemmerz International – Wabash, Inc. (0301), HLI Brakes Holding Company, Inc. (2575), HLI Commercial Highway Holding Company, Inc. (2828), HLI Netherlands Holdings, Inc. (0015), HLI Operating Company, Inc. (7742), HLI Parent Company, Inc. (7832), HLI Powertrain Holding Company, Inc. (8269), HLI Realty, Inc. (1885), HLI Services Holding Company, Inc. (7840), HLI Suspension Holding Company, Inc. (0061), and HLI Wheels Holding Company, Inc. (7882) (collectively with Hayes, the "<u>U.S. Debtors</u>"). With the exception of Hayes Lemmerz Finance LLC – Luxembourg S.C.A. (Luxembourg: 0646; USA: 7731) (the "<u>Non-U.S. Debtor</u>"), none of the foreign affiliates or subsidiaries of Hayes are Debtors in these chapter 11 cases. The mailing address for each of the U.S. Debtors is 15300 Centennial Drive, Northville, Michigan 48168.

[2] Capitalized terms not defined herein have the meanings set forth in the First Amended Joint Plan of Reorganization of Hayes Lemmerz International, Inc. and Its

capacity ("Deutsche Bank") and in its capacity as agent under the DIP Credit Agreement (the "DIP Administrative Agent"), Mercator CLO III Limited ("Mercator") and New Amsterdam Capital Management LLP and any of its affiliates and subsidiaries ("New Amsterdam"), by and through their respective undersigned counsel, hereby enter into this stipulation (the "Stipulation") and stipulate and agree as follows:

**RECITALS**

WHEREAS, Mercator is a Prepetition Secured Lender and holds Prepetition Secured Lender Claims (the "Mercator Prepetition Claim");

WHEREAS, New Amsterdam is the collateral advisor for Mercator;

WHEREAS, Mercator asserts that the Debtors, Deutsche Bank, the DIP Administrative Agent and/or Citicorp North America, Inc., in its capacity as agent under the Prepetition Credit Agreement (the "Prepetition Administrative Agent"), failed to obtain Mercator's consent as a Prepetition Secured Lender with respect to implementation of the DIP Financing Facility (the "Consent Dispute");

WHEREAS, the Debtors, Deutsche Bank, the DIP Administrative Agent, on behalf of itself as agent and all DIP Lenders, and the Prepetition Administrative Agent deny any liability with respect to the Consent Dispute;

WHEREAS, on September 2, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved

---

Affiliated Debtors and Debtors-in-Possession (the "Proposed Plan"), as may be modified by the Plan (as defined herein).

the adequacy of the Debtors' Disclosure Statement With Respect to the Proposed Plan (Docket No. 539) (the "<u>Disclosure Statement</u>").  The Proposed Plan is attached as Appendix A to the Disclosure Statement.  The hearing to consider confirmation of the Proposed Plan and certain modifications to the Proposed Plan, is currently scheduled for November 3, 2009.  If the Bankruptcy Court agrees to confirm the Proposed Plan as modified by the contemplated modifications, the Debtors will file the Modified First Amended Joint Plan of Hayes Lemmerz International, Inc. and Its Affiliated Debtors and Debtors in Possession, including the modifications to the Proposed Plan approved by the Bankruptcy Court (the "<u>Plan</u>");

WHEREAS, the Mercator Prepetition Claim is included in Class 6 – Prepetition Secured Obligations and, accordingly, Mercator will receive its *pro rata* share of the Prepetition Secured Lender Distribution Property (as defined in the Plan) in the event the Plan is confirmed and the Plan Effective Date occurs;

WHEREAS, on October 6, 2009, Mercator filed an objection to the Plan raising, among other things, the Consent Dispute and objecting to confirmation of the Plan (Docket No. 674) (the "<u>Objection</u>"); and

NOW THEREFORE, in consideration of the foregoing recitals, which are incorporated into this Stipulation, the covenants and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby

acknowledged, the Debtors, the DIP Administrative Agent, on behalf of itself as agent and all DIP Lenders, Mercator and New Amsterdam (collectively, the "Parties") hereby stipulate and agree as follows, subject to and effective as of the date of entry of an order by the Bankruptcy Court approving this Stipulation:

**STIPULATION**

1. In full and final satisfaction, settlement and release of the Consent Dispute and any and all allegations, objections, claims, causes of action and issues raised in the Objection and any of the Parties' correspondence (including, without limitation, correspondence between counsel to the DIP Administrative Agent and counsel to Mercator and/or New Amsterdam), briefs, memoranda, declarations, exhibits, testimony, or other documents, evidence and statements filed with the Court or exchanged between the Parties or any other party in interest (a "Party In Interest") in the above-captioned cases related to the Consent Dispute or the Objection, the Parties hereby agree to the following, subject to the Bankruptcy Court entering an order(s) approving this Stipulation and confirming the Plan, and the Plan Effective Date occurring:

(a) At Closing (defined below), the Debtors shall make a cash payment in the aggregate amount of $400,000.00 to Mercator or such other entity (in whole) or entities (in part) as instructed in writing by Mercator (the "Settlement Amount"), consisting of (i) $240,000.00 in lieu and as the approximate value of the *pro rata* amount

4

of the Consent Fee that Mercator could have received if it timely executed a Prepetition Secured Lender consent to the DIP Credit Agreement, and (ii) $160,000.00 in compromise, resolution, settlement, satisfaction and release of any and all claims, damages or other liability alleged by Mercator or New Amsterdam with respect to the Consent Dispute, partial reimbursement of fees and expenses incurred by Mercator and/or New Amsterdam in connection with the Consent Dispute and the Objection, and the avoidance of further costs and fees that would have otherwise been incurred by the Debtors in connection with litigation regarding the Consent Dispute and the Objection.

    (b)   Subject only to Bankruptcy Court approval of this Stipulation and payment at Closing of the Settlement Amount, Mercator and New Amsterdam, and anyone else claiming by, through or under them (collectively, the "<u>Mercator/New Amsterdam Releasors</u>") hereby fully, forever, irrevocably and unconditionally release, remise and discharge the Debtors, Deutsche Bank, the DIP Administrative Agent, the DIP Lenders, the Prepetition Administrative Agent, the Prepetition Secured Lenders (including without limitation, their predecessors, successors and assigns , as well as their current and former affiliates, subsidiaries, funds or accounts, officers, directors, members, managers, partners, shareholders, employees, attorneys, representatives, advisors, fiduciaries and/or agents of the foregoing, both individually and in their official capacities, collectively the "<u>Hayes Releasees</u>") of and from any and all manner of claims,

counterclaims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities, and expenses (including attorneys' fees and costs, expert witness fees and costs, and consultants' fees and costs) that the Mercator/New Amsterdam Releasors may have against the Hayes Releasees, whether known or unknown either at law, in equity, or mixed, which the Mercator/New Amsterdam Releasors ever had or now have by reason of, on account of, or arising out of, or with respect to the Consent Dispute, the Plan, the DIP Credit Agreement and any DIP Loan Documents (as defined in the DIP Credit Agreement), the DIP Financing Facility, the Prepetition Credit Agreement or any Prepetition Loan Documents (as defined in the Prepetition Credit Agreement), the Prepetition Credit Facility, and any and all allegations, objections, claims, causes of action, disputes and issues raised in the Objection and any of the Parties' or any Party In Interest's correspondence, briefs, memoranda, declarations, exhibits, testimony, or other documents, evidence and statements filed with the Court or exchanged between the parties related to the Consent Dispute or the Objection, except for the obligations undertaken pursuant hereto and in the Plan and the Confirmation Order (the "Mercator/New Amsterdam Release").

(c) Subject only to Bankruptcy Court approval of this Stipulation and payment at Closing of the Settlement Amount, the Debtors,

Deutsche Bank and the DIP Administrative Agent, and anyone else claiming by, through or under them (collectively, the "Hayes Releasors"), hereby fully, forever, irrevocably and unconditionally release, remise and discharge Mercator and New Amsterdam (including without limitation, their predecessors, successors and assigns , as well as their current and former affiliates, subsidiaries, funds or accounts, officers, directors, members, managers, partners, shareholders, employees, attorneys, representatives, advisors, fiduciaries and/or agents of the foregoing, both individually and in their official capacities, collectively, the "Mercator/New Amsterdam Releasees") of and from any and all manner of claims, counterclaims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities, and expenses (including attorneys' fees and costs, expert witness fees and costs, and consultants' fees and costs) that the Hayes Releasors may have against the Mercator/New Amsterdam Releasees, whether known or unknown either at law, in equity, or mixed, which the Hayes Releasors ever had or now have by reason of, on account of, or arising out of, or with respect to the Consent Dispute, the Plan, the DIP Credit Agreement and any DIP Loan Documents (as defined in the DIP Credit Agreement), the DIP Financing Facility, the Prepetition Credit Agreement or any Prepetition Loan Documents (as defined in the Prepetition Credit

Agreement), the Prepetition Credit Facility, and any and all allegations, objections, claims, causes of action, disputes and issues raised in the Objection and any of the Parties' or any Party In Interest's correspondence, briefs, memoranda, declarations, exhibits, testimony, or other documents, evidence and statements filed with the Court or exchanged between the parties related to the Consent Dispute or the Objection, except for the obligations undertaken pursuant hereto and in the Plan and the Confirmation Order(the "Hayes Entities Release" and, together with the Mercator/New Amsterdam Release, the "Releases").

2. Upon execution of this Stipulation, Mercator shall withdraw the Objection and shall be deemed to have changed its vote to reject the Plan to be an acceptance with respect thereto; provided, however, for the avoidance of doubt, such withdrawal and acceptance shall be without prejudice to Mercator's rights if the Plan is modified in a manner materially adverse to Mercator or the Plan is not confirmed or consummated and a subsequent plan of reorganization or liquidation is proposed.

3. Issuance of the Payment and the Releases is subject to occurrence of the Plan Effective Date. Closing of the transactions contemplated herein (the "Closing") shall occur on the Plan Effective Date.

4. Mercator shall receive its *pro rata* share of the Prepetition Secured Lender Distribution Property with respect the Mercator Prepetition Claim on the Plan Effective Date.

5. This Stipulation shall be binding upon all successors and assigns of each of the Parties to the Stipulation.

6. Neither this Stipulation, nor the settlement provided for herein, nor any statement made, action or position taken, or document prepared or executed in connection with the negotiation, execution or implementation of this Stipulation and the compromise and settlement of claims provided for herein shall be deemed to be, or construed as, an admission by any Party or any Party In Interest of any liability, wrongdoing, act or matter or that any claim or defense has or lacks merit.

7. This Stipulation contains the entire agreement by and among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

8. This Stipulation may only be changed, modified or otherwise altered in a writing executed by all the Parties. Oral modifications are not permitted.

9. Each of the Parties agrees to submit to the exclusive jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Stipulation.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. A signature transmitted by

facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

11. This Stipulation, and the obligations of the Parties hereunder, shall be in full force and effect upon approval by the Bankruptcy Court, subject only to payment at Closing of the Settlement Amount.

12. By signing below, each of the attorneys executing this Stipulation represents that he or she has the requisite authority to (a) execute this Stipulation on behalf of the Parties their signature block states that the attorney represents, and (b) bind such Parties to the terms and conditions of this Stipulation.

IN WITNESS WHEREOF and in agreement herewith, the Parties have executed and delivered this Stipulation on the date first set forth above.

Dated: Wilmington, Delaware
       November 2, 2009

| **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** | **FOX ROTHSCHILD LLP** |
|---|---|

By:_____
Anthony W. Clark (I.D. No. 2051)
Kimberly A. LaMaina (I.D. No. 4568)
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000

- and -

J. Eric Ivester
Stephen D. Williamson
Bennett S. Silverberg (N.Y. Office)
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 407-0700

Counsel for Debtors and
Debtors-in-Possession

By:_____
Jeffrey M. Schlerf (I.D. No. 3047)
Citizens Bank Center
919 North Market Street, Suite 1600
Wilmington, Delaware 19801
(302) 654-7444

Counsel for Mercator CLO III Limited and New Amsterdam Capital Management LLP

**MILBANK, TWEED, HADLEY & McCLOY LLP**
Abhilash M. Raval
David S. Cohen
1 Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000

- and -

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

By:_____
Robert J. Dehney (I.D. No. \_\_\_\_)
Chase Manhattan Centre, 18th Floor
1201 N. Market Street
Wilmington, DE 19899
Tel: (302) 658-9200

Counsel for Deutsche Bank AG, New York Branch, in its individual capacity and as agent under the DIP Credit Agreement