IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HAYES LEMMERZ INTERNATIONAL, INC., et al.,[1] | : : : | Case No. 09-11655 (MFW) |
| Debtors. | : : | Jointly Administered |
| | : : x | Hearing Date: February 19, 2010 at 11:30 a.m. (ET) Obj. Deadline: February 11, 2010 at 4:00 p.m. (ET) |

---

## SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330
### FINAL APPLICATION

| | |
|---|---|
| **NAME OF APPLICANT:** | Kasowitz, Benson, Torres & Friedman LLP |
| **TIME PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT:** | May 11, 2009 – May 13, 2009 |
| **ROLE IN CASE:** | Special Litigation and Conflicts Counsel to the Debtors |
| **DATE OF RETENTION:** | January 21, 2010 (*nunc pro tunc* to May 11, 2009) |
| **CURRENT FEE APPLICATION:** | Fees Requested: $35,213.00[2] <br> Expenses Requested: $1,623.43 |
| **PRIOR FEE APPLICATIONS:** <br> This is an __ interim X final application | Fees Previously Requested: N/A |

---

[1] The following of Hayes' U.S. subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Hayes (2578) and have requested joint administration therewith: Hayes Lemmerz Finance LLC (7731), Hayes Lemmerz International Import, Inc. (1655), Hayes Lemmerz International - California, Inc. (2337), Hayes Lemmerz International - Commercial Highway, Inc. (7674), Hayes Lemmerz International - Georgia, Inc. (6122), Hayes Lemmerz International - Howell, Inc. (9246), Hayes Lemmerz International - Huntington, Inc. (0825), Hayes Lemmerz International - Kentucky, Inc. (8246), Hayes Lemmerz International - Laredo, Inc. (8656), Hayes Lemmerz International - New York, Inc. (9278), Hayes Lemmerz International - Sedalia, Inc. (7670), Hayes Lemmerz International - Technical Center, Inc. (7519), Hayes Lemmerz International - Wabash, Inc. (0301), HLI Brakes Holding Company, Inc. (2575), HLI Commercial Highway Holding Company, Inc. (2828), HLI Netherlands Holdings, Inc. (0015), HLI Operating Company, Inc. (7742), HLI Parent Company, Inc. (7832), HLI Powertrain Holding Company, Inc. (8269), HLI Realty, Inc. (1885), HLI Services Holding Company, Inc. (7840), HLI Suspension Holding Company, Inc. (0061), and HLI Wheels Holding Company, Inc. (7882) (collectively with Hayes, the "**U.S. Debtors**"). With the exception of Hayes Lemmerz Finance LLC - Luxembourg S.C.A. (Luxembourg: 0646; USA: 7731) (the "**Non-U.S. Debtor**"), none of the foreign affiliates or subsidiaries of Hayes are Debtors in these chapter 11 cases.

[2] This amount includes approximately $2,080.00 in fees incurred in preparing this Application.

KBT&F Professional Fee Summary
Final Fees – By Professional

| Name of Professional | Department | Bar Admission | Rate 2009 | Total Hours | Total Amount |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| Jeffrey R. Gleit | Bankruptcy | 2001 | $640 | 20.80 | $13,312.00 |
| Andrew K. Glenn | Bankruptcy | 1996 | $800 | 17.50 | $14,000.00 |
| David S. Rosner | Bankruptcy | 1990 | $875 | 1.50 | $1,312.50 |
| Adam L. Shiff | Bankruptcy | 1993 | $825 | 2.20 | $1,815.00 |
| **ASSOCIATES** | | | | | |
| Ross Shank | Bankruptcy | 2000 | $550 | 4.90 | $2,695.00 |
| Nii-Amar Amamoo | Ross Shank | 2008 | $335 | 2.10 | $703.50 |
| Julia Balduzzi | Ross Shank | 2009 | $250 | 5.50 | $1,375.00 |
| **GRAND TOTAL:** | | | | **54.5** | **$35,213.00** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------

| | | |
|---|---|---|
| In re: | : x : | Chapter 11 |
| HAYES LEMMERZ INTERNATIONAL, INC., et al.,[1] | : : : | Case No. 09-11655 (MFW) |
| Debtors. | : : : | Jointly Administered |
| | : x | Hearing Date: February 19, 2010 at 11:30 a.m. (ET)<br>Obj. Deadline: February 11, 2010 at 4:00 p.m. (ET) |

------------------------------------

### FIRST AND FINAL APPLICATION OF KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, AS SPECIAL LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS *NUNC TO TUNC* TO THE PETITION DATE

Pursuant to sections 327, 330, 331 and 1103 of chapter 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Kasowitz, Benson, Torres & Friedman LLP ("**KBT&F**"), special litigation and conflicts counsel to the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby submits this application (the "**Application**") for an order granting final allowance to KBT&F of **$36,836.43**[2] consisting of (i) compensation in the amount

---

[1] The following of Hayes' U.S. subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Hayes (2578) and have requested joint administration therewith: Hayes Lemmerz Finance LLC (7731), Hayes Lemmerz International Import, Inc. (1655), Hayes Lemmerz International - California, Inc. (2337), Hayes Lemmerz International - Commercial Highway, Inc. (7674), Hayes Lemmerz International - Georgia, Inc. (6122), Hayes Lemmerz International - Howell, Inc. (9246), Hayes Lemmerz International - Huntington, Inc. (0825), Hayes Lemmerz International - Kentucky, Inc. (8246), Hayes Lemmerz International - Laredo, Inc. (8656), Hayes Lemmerz International - New York, Inc. (9278), Hayes Lemmerz International - Sedalia, Inc. (7670), Hayes Lemmerz International - Technical Center, Inc. (7519), Hayes Lemmerz International - Wabash, Inc. (0301), HLI Brakes Holding Company, Inc. (2575), HLI Commercial Highway Holding Company, Inc. (2828), HLI Netherlands Holdings, Inc. (0015), HLI Operating Company, Inc. (7742), HLI Parent Company, Inc. (7832), HLI Powertrain Holding Company, Inc. (8269), HLI Realty, Inc. (1885), HLI Services Holding Company, Inc. (7840), HLI Suspension Holding Company, Inc. (0061), and HLI Wheels Holding Company, Inc. (7882) (collectively with Hayes, the "U.S. Debtors"). With the exception of Hayes Lemmerz Finance LLC - Luxembourg S.C.A. (Luxembourg: 0646; USA: 7731) (the "Non-U.S. Debtor"), none of the foreign affiliates or subsidiaries of Hayes are Debtors in these chapter 11 cases.

[2] KBT&F is voluntarily writing off approximately $24,000 in fees and expenses connected with the preparation and filling of its retention papers in these cases.

of $35,213.00^3$ for the actual, reasonable and necessary legal services KBT&F has rendered to the Debtors and (ii) reimbursement for the actual, reasonable and necessary expenses that KBT&F incurred in connection therewith in the amount of $1,623.43 for the period from May 11, 2009 through and including May 13, 2009 (the "**Compensation Period**"). In support of this Application, KBT&F respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

2. On May 11, 2009 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On May 21, 2009, the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases. On July 7, 2009, the United States Trustee appointed an Official Committee of Retirees in these cases.

4. On June 17, 2009, KBT&F filed its *Application to Employ Kasowitz, Benson, Torres & Friedman LLP as Special Litigation and Conflicts Counsel to the Debtors Nunc Pro Tunc to the Petition Date Filed by Hayes Lemmerz International, Inc*. (the "**Retention Application**"). [Docket No. 244].

---

3     This amount includes approximately $2,080.00 in fees incurred in preparing this Application.

5. On January 21, 2010, the Retention Application was approved (the "**Retention Order**").[4] [Docket No. 1092].

### FEE STATEMENTS

6. The fee statement for the Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney for the period covered by this Application. To the best of KBT&F's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Guidelines adopted by the Office of the United States Trustee, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the Administrative Order.

### ACTUAL AND NECESSARY EXPENSES

7. A summary of the actual and necessary expenses and daily logs of expenses incurred by KBT&F during the Compensation Period is attached hereto as Exhibit B. KBT&F charges all of its clients $.10 per page for photocopying expenses and $0.10 per page for printing jobs of 10 pages or larger. KBT&F also charges all of its clients $0.25 per page for out-going facsimile transmissions. Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges.

8. Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), KBT&F charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal KBT&F's actual cost. KBT&F currently is under contract to pay these providers a flat fee every month. Charging its clients the on-line providers'

---

[4] Pursuant to paragraph 4 of the Retention Order, KBT&F has applied the pre-petition retainer to pay the fees, charges, and disbursements relating to services rendered to the Debtors prior to the Petition Date (the "**Final Billed Amount**"). After applying the pre-petition retainer to the Final Billed Amount, $43,727.50 of the pre-petition retainer remains.

standard usage rates allows KBT&F to cover adequately the monthly flat fees it must pay to these types of providers.

9. KBT&F believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, KBT&F believes that such charges are in accordance with the American Bar Association's ("**ABA**") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## SUMMARY OF SERVICES RENDERED

10. The partners and associates of KBT&F who have rendered professional services in these cases are as follows: David S. Rosner, Adam L. Shiff, Andrew K. Glenn, Jeffrey R. Gleit, Ross Shank, Nii-Amar Amamoo, and Julia Balduzzi.

11. KBT&F, by and through the above-named persons, helped prepare the Debtors for their first day hearing, including preparations in connection with matters concerning the Debtors' pre-petition lenders for which their general bankruptcy counsel may have had potential conflicts with. A more detailed identification of the services provided by KBT&F is attached hereto as Exhibit A.

## BASIS FOR RELIEF

12. Section 330 of the Bankruptcy Code authorizes and sets the standards for compensation of professionals employed under § 327 of the Bankruptcy Code. This section provides in relevant part that a court my award: "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and ... reimbursement for actual, necessary expenses." 11 U.S.C. § 330 (a)(1)(A) and (B). In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested herein is fair and

reasonable given (a) the complexity of these cases, (b) the time expanded, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under Title 11.

### CERTIFICATE OF COMPLIANCE AND WAIVER

13. Finally, the undersigned representative of KBT&F certifies that he has reviewed the requirements of Local Rule 2016-2 and that this Application complies with that Local Rule. To the extent that this Application does not comply in all respects with the requirements of Local Rule 2016-2, KBT&F believes that such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, KBT&F requests entry of an order (a) finally allowing the full amount of $36,836.43 consisting of (i) $35,213.00 for reasonable and necessary professional services rendered during the Compensation Period and (ii) $1,623.43 for actual and necessary costs and expenses incurred in the Compensation Period; (b) authorizing and directing the Debtors successors to pay the unpaid balance of all approved fees and expenses to KBT&F; and (c) awarding such other and further relief as is just and proper.

Dated: January 22, 2010
      New York, New York

Respectfully submitted,

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP

By: /s/ Jeffrey R. Gleit
    Jeffrey R. Gleit
    1633 Broadway
    New York, New York 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

*Special Litigation and Conflicts Counsel to the Debtors*

# SCHEDULE OF EXHIBITS

Exhibit A    -    Schedule of Professional Fee Statements

Exhibit B    -    Schedule of Actual and Necessary Expenses